**Docket No. 22-35604**

*In the*

# United States Court of Appeals

*For the*

# Ninth Circuit

In the Matter of: JOHN FELIX CASTLEMAN, SR.
and KIMBERLY KAY CASTLEMAN,

*Debtors,*

JOHN FELIX CASTLEMAN, SR.
and KIMBERLY KAY CASTLEMAN,

*Appellants,*

v.

DENNIS LEE BURMAN, Chapter 7 Trustee,

*Appellee.*

_____

*Appeal from a Decision of the United States District Court for the Western District of Washington,
No. 2:21-cv-00829-JHC · Honorable John H. Chun*

## APPELLANTS' OPENING BRIEF

STEVEN HATHAWAY, ESQ.
LAW OFFICE OF STEVEN C. HATHAWAY
3811 Consolidation Avenue
Post Office Box 2147
Bellingham, Washington 98227
(360) 676-0529 Telephone
(360) 676-0067 Facsimile
Shathaway@expresslaw.com

*Attorney for Appellants,
John Felix Castleman, Sr.
and Kimberly Kay Castleman*

 COUNSEL PRESS · (213) 680-2300          PRINTED ON RECYCLED PAPER 

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................... ii

INTRODUCTION ....................................................................................... 1

JURISDICTIONAL STATEMENT ........................................................... 2

ISSUE PRESENTED ................................................................................. 3

STATEMENT OF THE CASE ................................................................... 3

SUMMARY OF ARGUMENT .................................................................. 6

STANDARD OF REVIEW ........................................................................ 7

ARGUMENT .............................................................................................. 7

    I.     The Bankruptcy Code Unambiguously Provides Post-Petition, Pre-Conversion, Increase in the Value of Exempt Property Inures to the Debtor upon Good Faith Conversion ............................ 7

    II.    The Majority View is Post-Petition, Pre-Conversion, Increase in the Value of Exempt Property Inures to the Debtor upon Good Faith Conversion ....................................................................... 11

    III.   Leading Bankruptcy Commentators Agree Post-Petition, Pre-Conversion, Increase in Value of Exempt Property Inures to the Debtor ........................................................................................ 19

    IV.   Legislative History of Section 348(f) Provides Post-Petition, Pre-Conversion, Increase in Value of Exempt Property Inures to the Debtor upon Good Faith Conversion ....................................... 20

    V.    The Decisions Below Ignore Binding Precedent and Section 348(f)(2) ............................................................................................ 21

    VI.   The Chapter 7 Trustee's Argument Under Section 348(f)(1)(B) was Rejected ..................................................................................... 23

    VII.  The Court May Rely on Pre-BAPCPA Cases Construing Section 348(f)(1)(A) .................................................................. 24

CONCLUSION ......................................................................................... 24

CERTIFICATE OF COMPLIANCE ....................................................... 25

STATEMENT OF RELATED CASES ..................................................... 26

CERTIFICATE OF SERVICE ................................................................. 27

i

## TABLE OF AUTHORITIES

**CASES**  **Page(s)**

*First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.),*
439 F.3d 558 (9th Cir.2006) ............................................................7

*Harris v. Viegelahn,*
575 U.S. 510 (2015)...............................................................5, 8, 11

*In re Airhart,*
473 B.R. 178 (Bankr. S.D. Tex. 2012) ..........................................23

*In re Barrera,*
620 B.R. 645 (Bankr. D. Colo. 2020), aff'd, No. BAP CO-20-003,
2020 WL 5869458 (10th Cir. BAP Oct. 2, 2020) ............................12, 13, 14

*In re Bobroff,*
766 F.2d 797 (3d Cir. 1985) ..................................................20, 21

*In re Boyum,*
No. 05-1044-AA, 2005 WL 2175879 (D. Or. Sept. 6, 2005) ..................5, 15

*In re Brown,*
953 F.3d 617 (9th Cir. 2020) ........................................8, 9, 10, 11

*In re Burt,*
No. 01-43254-JJR-7 (Bankr. N.D. Ala. Jul. 31, 2009).........................17, 18

*In re Cofer,*
625 B.R. 194 (Bankr. D. Idaho 2021) ............................................13

*In re Goins,*
539 B.R. 510 (Bankr. E.D. Va. 2015) ..................................4, 23, 24

*In re Golden,*
528 B.R. 803 (Bankr. D. Colo. 2015).............................................14

*In re Hodges,*
518 B.R. 445 (Bankr. E.D. Tenn. 2014)..................................15, 23, 24

*In re Hyman,*
967 F.2d 1316 (9th Cir. 1992) .......................................................5

*In re Jackson,*
317 B.R. 511 (Bankr. N.D. Ill. 2004) ............................................17

*In re Lynch,*
363 B.R. 101 (B.A.P. 9th Cir. 2007) ............................................15

*In re Martinez*,
　No. 7-10-11101 JA, 2015 WL 3814935 (Bankr. D.N.M. June 18, 2015) ....23

*In re Nichols*,
　319 B.R. 854 (Bankr. S.D. Ohio 2004) ...........................................15, 16, 17

*In re Niles*,
　342 B.R. 72 (Bankr. D. Ariz. 2006) ..........................................12, 14, 16, 18

*In re Page*,
　250 B.R. 465 (Bankr. D.N.H. 2000)......................................................18, 19

*In re Peter*,
　309 B.R. 792 (Bankr. D. Or. 2004). ............................................................5

*In re Reed*,
　940 F.2d 1317 (9th Cir. 1991) .......................................................................5

*In re Salvador*,
　No. 2:05-CV-1107-GEB, 2006 WL 3300770 (E.D. Cal. Nov. 14, 2006).....15

*In re Slack*,
　290 B.R. 282 (Bankr.D.N.J.2003) ...............................................................14

*In re Wegner*,
　243 B.R. 731 (Bankr.D.Neb.2000).........................................................14, 18

*In re Woodland*,
　325 B.R. 583 (Bankr. W.D. Tenn. 2005) ....................................................15

*Kendall v. Lynch (In re Lynch)*,
　363 B.R. 101 (9th Cir. BAP 2007) ...................................................11, 12, 14

*Klein v. Anderson (In re Anderson)*,
　988 F.3d 1210 (9th Cir. 2021) .......................................................................8

*Matter of Lybrook*,
　951 F.2d 136 (7th Cir. 1991) ..................................................................20, 21

*Neilson v. Chang*,
　253 F.3d 520 (9th Cir. 2001) .........................................................................7

*Silver Sage Partners, Ltd. v. City of Desert Hot Springs*,
　251 F.3d 814 (9th Cir. 2001) .........................................................................7

*Wilson v. Rigby*,
　909 F.3d 306 (9th Cir. 2018) .........................................................................5

iii

**STATUTES**

11 U.S.C. § 348 ...................................................................................*passim*

11 U.S.C. § 541 ...............................................................................5, 22

11 U.S.C. § 1327 ....................................................................................14

28 U.S.C. § 157 ........................................................................................2

28 U.S.C. § 158 ........................................................................................3

28 U.S.C. § 1334 ......................................................................................2

28 U.S.C. § 2107 ......................................................................................2

**OTHER AUTHORITIES**

3 Collier on Bankruptcy (Alan N. Resnick & Henry J. Sommer,
    16th ed. rev. 2017) ............................................................................24

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ...................24

Bankruptcy Reform Act of 1994 ..................................................................20

David G. Carlson, "Cars and Homes in Chapter 13 After the 2005
    Amendments to the Bankruptcy Code," 14 Am. Bankr. Inst.
    L.Rev. 301 (Winter 2006) ..................................................................24

H.R. Rep. No. 103-835 (1994), as reprinted in 1994 U.S.C.C.A.N. 3340 .............21

Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy
    (4th ed. 2004) ...................................................................................20

iv

## **INTRODUCTION**

Historically, in the Western District of Washington, the post-petition increase in the value of an exempt pre-petition asset (by appreciation, payment of secured debt, improvements made, or otherwise) inured to the debtor upon good faith conversion to Chapter 7.

Below, the Chapter 7 Trustee argued the status quo should be reversed because of the 2005 BACPA amendment to 11 U.S.C. § 348(f)(1)(B).  The courts below determined Section 348(f)(1)(B) was irrelevant to the facts of this case, finding the "valuation" referred to in Section 348(f)(1)(B) does not mean "value" and that its purpose was to allow the parties to revisit "valuation" of a security interest after conversion from Chapter 13 for purposes of redemption, lien avoidance, and bifurcation.

Despite finding the Section 348(f)(1)(B) basis of the Chapter 7 trustee's motion lacked merit, the bankruptcy court nevertheless ruled in his favor, adopting the reasoning of the minority view expressed in a Virginia district court decision that any post-petition increase in the equity of a debtor's home belonged to the Chapter 7 bankruptcy estate upon good faith conversion.

In finding for the Chapter 7 trustee, the bankruptcy court disregarded binding Supreme Court and Ninth Circuit Court of Appeals precedent, the reasoning of the majority view followed by most courts, clear legislative intent,

1

and expert commentators, all finding that post-petition, pre-conversion, increase in the value of exempt real or personal property (by appreciation, paying down secured debt, improvements made, or otherwise) inures to the debtor upon good faith conversion to Chapter 7.

The decisions below should be reversed.

## JURISDICTIONAL STATEMENT

The bankruptcy court's decision is stayed through completion of the appellate process. ER-12.

This appeal stems from the district court's July 2, 2022, order affirming the bankruptcy court's memorandum decision dated June 4, 2021. ER-5.

In its memorandum decision, the bankruptcy court found and concluded that the appreciation in the net value of the Debtors home that accrued during the pendency of their Chapter 13, prior to their good faith conversion to Chapter 7, belongs to the Chapter 7 estate. ER-17. The bankruptcy court ordered the Chapter 7 trustee could sell the Debtors home. ER-15.

On July 26, 2022, within 30 days pursuant to 28 U.S. Code § 2107(a), the Appellant timely appealed the district court order affirming the bankruptcy court decision. ER-108.

The bankruptcy court has jurisdiction to issue orders under 28 U.S.C. § 157(b)(2)(A) and (O) and 28 U.S.C. § 1334(a).

The district court has appellate authority over dispositive orders and judgments of the bankruptcy court. 28 U.S.C. § 158(a).

The courts of appeals have jurisdiction to hear appeals "from all final decisions, judgments, orders, and decrees" entered by a district court on appeal from a bankruptcy court. 28 U.S.C. § 158(d).

## ISSUE PRESENTED

Does the increase in the value of a debtor's exempt real or personal property that accrued during the pendency of a Chapter 13 (whether derived from appreciation, payment of secured debt, improvements made, or otherwise) become property of the Chapter 7 bankruptcy estate upon good faith conversion?

The issue is purely a question of law. There are no material facts in dispute.

## STATEMENT OF THE CASE

On June 13, 2019, the Debtors filed Chapter 13 bankruptcy. ER-110, Dkt. 1. On September 25, 2019, the bankruptcy court confirmed their Chapter 13 plan. ER-114, Dkt. 32. The Debtors valued their home at $500,000 on their bankruptcy schedules with a mortgage of $375,077. ER-58 and ER-69. The Debtors exempted the $124,923 equity they had in the home on the petition date. ER-65.

During the 20 months they were in Chapter 13 the Debtors paid $22,075.00 to the Chapter 13 trustee for distribution to creditors. ER-47. The Chapter 13 Trustee, pursuant to the confirmed Chapter 13 plan (ER-53), paid $11,286.47 to

3

Heritage Bank for the auto loan secured by the Debtors 2015 Chevrolet Tahoe and paid $2,847.49 to Alaska USA Federal Credit Union for the auto loan secured by the Debtors 2015 Nissan Sentra. ER-47. The Debtors continued to pay their home mortgage, in the amount of $2,417 per month, directly to Mr. Cooper, the holder of their home mortgage. ER-54.

The husband was diagnosed with Parkinson's disease which required him to quit working in January 2021. ER-31:7-8. The Chapter 13 plan ceased being feasible and the Debtors exercised their right to convert their case to Chapter 7 on February 5, 2020. ER-31:13-14.

After conversion the Chapter 7 trustee sought court approval to sell the Debtors home arguing the 2005 amendment to Section 348(f)(1)(B) made appreciation in the value of the home during the pendency of their Chapter 13 property of the Chapter 7 bankruptcy estate upon conversion. ER-37.

The Debtors responded that appreciation in the value of their home during the pendency of their Chapter 13 is excluded from the Chapter 7 bankruptcy estate upon conversion by 11 U.S.C. § 348(f)(1)(A) and (f)(2). ER-35:15-25.

The bankruptcy court rejected the Chapter 7 trustee's contention that Section 348(f)(1)(B) applied but nevertheless ruled in his favor, adopting the reasoning of the minority view expressed in a Virginia district court decision,[1] an Oregon

---

[1] *In re Goins*, 539 B.R. 510 (Bankr. E.D. Va. 2015).

bankruptcy court decision,[2] and three Ninth Circuit Court of Appeals Chapter 7 cases holding post-petition appreciation is not treated as a separate asset from pre-petition property and inures to the bankruptcy estate, not the debtor.[3] ER-17.

The district court affirmed the bankruptcy court's decision. ER-5. Citing *Harris v. Viegelahn*, 575 U.S. 510, 514 (2015), the district court acknowledged that Section 348(f)(1)(A) unambiguously provides that property acquired after the initial Chapter 13 petition but before the conversion to Chapter 7 inures to the debtor. ER-7:9-11. Nevertheless, the district court felt the Section 348(f) did not address whether the increase in equity in the Debtors home qualified as a separate, after-acquired, property interest because it was inseparable from the asset itself under the reasoning of *Wilson v. Rigby*, 909 F.3d 306 (9th Cir. 2018) as "[p]roceeds, product, offspring, rents, or profits" of the Debtors homestead under Section 541(a)(6).[4] ER-7, 9.

---

[2] *In re Peter*, 309 B.R. 792, 795 (Bankr. D. Or. 2004). The reasoning of *Peter* was rejected by the District Court of Oregon in *In re Boyum*, No. 05-1044-AA, 2005 WL 2175879 (D. Or. Sept. 6, 2005). The district court in *Boyum* reversed the bankruptcy court, finding post-petition, pre-conversion, increases in equity caused by paydown of secured debt and property appreciation are property of the debtor, not the Chapter 7 estate. *Id.*

[3] The Ninth Circuit cases cited by the courts below were filed as Chapter 7. They were not Chapter 13 conversions. See *Wilson v. Rigby*, 909 F.3d 306, 312 (9th Cir. 2018); *In re Hyman*, 967 F.2d 1316, 1321 (9th Cir. 1992); *In re Reed*, 940 F.2d 1317, 1323 (9th Cir. 1991).

[4] Acknowledging *Rigby* was a Chapter 7 case, the district court said the logic applies with equal force in a conversion case.

The Debtors and the Chapter 7 trustee stipulated that the order be stayed through the completion of the appellate process. ER-12.

## SUMMARY OF ARGUMENT

The Debtors respectfully submit decisions below should be reversed because:

I.    The Bankruptcy Code unambiguously provides post-petition, pre-conversion, increase in the value of exempt property inures to the debtor upon good faith conversion.

II.   The majority view is post-petition, pre-conversion, increase in the value of exempt property inures to the debtor upon good faith conversion.

III.  Leading bankruptcy commentators agree post-petition, pre-conversion, increase in value of exempt property inures to the debtor.

IV.  Legislative history provides post-petition, pre-conversion, increase in value of exempt property inures to the debtor upon good faith conversion.

V.    The decisions below ignore binding precedent and Section 348(f)(2).

VI.  The Chapter 7 trustee's argument under Section 348(f)(1)(B) was rejected.

VII. The court may rely on Pre-BAPCPA cases construing Section 348(f)(1)(A).

6

## STANDARD OF REVIEW

A district court's decision on an appeal from a bankruptcy court is reviewed de novo. *Neilson v. Chang*, 253 F.3d 520, 526 (9th Cir. 2001). The bankruptcy court's conclusions of law are reviewed de novo and its factual findings for clear error. *Id*.  Questions of statutory interpretation are reviewed de novo. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001). Whether property is included in a bankruptcy estate is a question of law subject to de novo review. *Klein v. Anderson (In re Anderson)*, 988 F.3d 1210, 1213 (9th Cir. 2021) (per curiam).  De novo means review is independent, with no deference given to the trial court's conclusion.  See *First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.*, 439 F.3d 558, 561 (9th Cir.2006).

## ARGUMENT

**I.    The Bankruptcy Code Unambiguously Provides Post-Petition, Pre-Conversion, Increase in the Value of Exempt Property Inures to the Debtor upon Good Faith Conversion**.

At issue in this case is the application of 11 U.S.C. § 348(f) which provides, in pertinent part, as follows:

> (f)(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—
>
> > (A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion; [ ... ]

7

(2) If the debtor converts a case under Chapter 13 of this title to a case under another Chapter under this title in bad faith, the property of the estate in the converted case shall consist of the property of the estate as of the date of conversion.

11 U.S.C. § 348(f)(1)(A) and (f)(2).

This statute unambiguously provides that property acquired after the initial Chapter 13 petition but before the conversion to Chapter 7 inures to the debtor. *Harris v. Viegelahn*, 575 U.S. 510 (2015). "[P]roperty of the [Chapter 7] estate in the converted case shall consist of property of the estate, as of the date of filing of the [initial Chapter 13] petition, that remains in the possession of or is under the control of the debtor on the date of conversion." *Viegelahn*, 575 U.S. at 517. "Absent a bad-faith conversion, § 348(f) limits a converted Chapter 7 estate to property belonging to the debtor 'as of the date' the original Chapter 13 petition was filed. *Id.*

The post-petition, pre-conversion, increase in the value of the Debtors exempt assets does not qualify as property belonging to them 'as of the date' the original Chapter 13 petition was filed.

In *In re Brown,* 953 F.3d 617 (9th Cir. 2020)*,* the Chapter 13 debtor inherited $55,487.97 and transferred $12,372 to each of his three brothers without the approval of the Chapter 13 trustee. The Chapter 13 trustee moved to convert the case to Chapter 7. The bankruptcy court ordered the conversion to Chapter 7 for cause with an express finding the debtor's conduct had been in bad faith. After

8

conversion to Chapter 7, the trustee argued the fraudulently transferred funds were property of the Chapter 7 bankruptcy estate. The debtor argued that the transferred funds were not property of the estate pursuant to Section 348(f)(1). The Bankruptcy Court and the Bankruptcy Appellate Panel held that the transferred funds were property of the Chapter 7 estate because they were not transferred for ordinary living expenses and were made in bad faith to avoid creditors.

Affirming the decision, the Ninth Circuit, analyzed how to define the contents of the bankruptcy estate that is converted from Chapter 13 to Chapter 7.

> One option would be to apply Chapter 7's rule that all assets acquired after the filing of the initial petition are retained by the debtor and do not become part of the bankruptcy estate. This approach would bar creditors from obtaining assets that were acquired by the debtor after the Chapter 13 petition was filed. In essence, this approach would put the debtor where he would have been, had he filed in Chapter 7 initially. Applying Chapter 7's rule upon conversion would therefore allow the debtor to keep assets that were acquired after the initial voluntary Chapter 13 petition was filed.

> Another approach would be to apply Chapter 13's rule that assets acquired after the petition is filed become part of the estate. Thus, assets acquired after the Chapter 13 petition was filed would, upon conversion to Chapter 7, become part of the converted estate. This approach would give a debtor's creditors, upon conversion to Chapter 7, access to all such assets. Such an approach would put the debtor in a worse position than if the petition had been filed in Chapter 7 initially.

> *Brown*, 953 F.3d at 620

The Ninth Circuit stated that Congress enacted Section 348(f)(1)(A) so the contents of the bankruptcy estate that is converted from Chapter 13 to Chapter 7 would be easily ascertainable. *Brown*, 953 F.3d at 618.

> Congress . . . effectively adopted the Chapter 7 approach, by defining the converted estate to exclude assets acquired after the initial filing. This provision limits the converted estate in two ways. First, to avoid penalizing the debtor who initially engaged in voluntary bankruptcy under Chapter 13, Congress restricted the assets of the converted estate to property "as of the date of filing of the [voluntary] petition." 11 U.S.C. § 348(f)(1)(A). This means that, after conversion to Chapter 7, creditors are barred from recovering property that was acquired by the debtor after filing the Chapter 13 petition. See, e.g., Harris, 135 S.Ct. at 1837 (holding that wages acquired by the debtor after filing for Chapter 13 bankruptcy and not distributed at the time of conversion, are not property of the converted estate under § 348(f)(1)(A)).

> *Brown* 953 F.3d at 620.

The Ninth Circuit, acknowledging that Section 348(f)(1)(A) does not directly address the issue of fraudulent transfers, stated:

> As in other contexts, we must interpret a problematic section of the Bankruptcy Code in light of the structure of the Code as a whole, including its object and policy. Brown, *953 F.3d at 619* citing *Hawkins v. Franchise Tax Bd.*, 769 F.3d 662, 666 (9th Cir. 2014) (citing *Children's Hosp. & Health Ctr. v. Belshe*, 188 F.3d 1090, 1096 (9th Cir. 1999)).

In this case, the Debtors owned and resided in their home when they filed Chapter 13. The Debtors resided in their home on the date their case was converted to Chapter 7, and they remain living in the home to this day. The

10

Debtors listed their home on their bankruptcy schedules and exempted the equity. The trustee did not object to the valuation of the Debtors home at the time of filing or object to their homestead exemption. During the 20 months the Debtors were endeavoring to pay their creditors in Chapter 13 their home increased in value, and they paid down their mortgage. They also paid down the loans secured by their 2015 Chevrolet Tahoe and 2015 Nissan Sentra. During COVID the value of used cars increased because of the shortage of new vehicles. The trustee has not alleged, nor is there any evidence in the record to suggest, that the Debtors converted in bad faith.

Pursuant to the binding precedent of *Viegelahn* and *Brown,* and plain meaning of the Section 348(f)(1)(A) and (f)(2), the post-petition, pre-conversion, increase in the value of the Debtors exempt home and cars is not property of the Chapter 7 bankruptcy estate. The post-petition, pre-conversion, increase in value of those assets did not belong to them 'as of the date' their original Chapter 13 petition was filed, and they did not convert to Chapter 7 in bad faith.

## II.    The Majority View is Post-Petition, Pre-Conversion, Increase in the Value of Exempt Property Inures to the Debtor upon Good Faith Conversion.

In *Kendall v. Lynch (In re Lynch)*, 363 B.R. 101 (9th Cir. BAP 2007) the Ninth Circuit BAP recognized that equity not only created by payments to secured claims but also property appreciation after the Chapter 13 petition should be

excluded as estate property in a case converted to Chapter 7. *Lynch*, 363 B.R. at 107. The BAP reasoned that allowing the debtor to retain equity created during the Chapter 13 case is not only reflected in the legislative purpose of Section 348(f) but is also buttressed by Section 348(f)(2) which directs the bankruptcy court to look to the date of conversion when a Chapter 13 is converted in bad faith. "Excluding equity resulting from debtors' payments on loans secured by their residence and property appreciation subsequent to their Chapter 13 filing in a case converted to Chapter 7 serves the congressional purpose of encouraging Chapter 13 reorganizations over Chapter 7 liquidations, as reflected in the legislative history." *Id*.

In *In re Barrera*, 620 B.R. 645 (Bankr. D. Colo. 2020), aff'd, No. BAP CO-20-003, 2020 WL 5869458 (10th Cir. BAP Oct. 2, 2020) ("Barrera I"), the United States Bankruptcy Court for the District of Colorado concluded that appreciation inures to the debtor upon conversion based on the legislative history of Section 348. *Id*. at 649-53 (citing e.g., *In re Niles*, 342 B.R. 72, 76 (Bankr. D. Ariz. 2006)).

Finding the meaning of property in Section 348(f)(1)(A) was ambiguous, Barrera I turned to the legislative history of Section 348(f). Barrera I reasoned that the legislative history, which demonstrates "Congress' concern that the Chapter 7 trustee was getting the post-petition increase in equity in the debtor's home," supports a conclusion that "property" in Section 348(f)(1)(A) means "property as it

12

existed on the petition date, with all its attributes, including the amount of equity that existed on that date." *Id*. at 653. The court found no distinction between equity increases due to the debtor's paydown of liens or that due to changes in the market because "the legislative history points toward Congress' intent to leave a debtor who attempts a repayment plan no worse off than he would have been had he filed a Chapter 7 case at the outset." *Id*.

Barrera I cited commentary by Keith M. Lundin and William H. Brown in support of its interpretation and dismissed public policy concerns that such an interpretation would lead to a windfall to debtors reasoning a Chapter 7 debtor would usually seek abandonment of the property if the debtor believed the case will remain open for a significant period to avoid the possibility that the trustee can reap the benefits of an increase in equity. In addition, the court reasoned that where the case will be administered quickly, the trustee is unlikely to benefit from significant increases in equity. *Id*.

In *In re Cofer*, 625 B.R. 194 (Bankr. D. Idaho 2021), the debtor owned a home valued at $100,250 which she claimed as exempt on the petition date. After confirmation the debtor fell behind on her plan payments and exercised her right to convert to Chapter 7. After conversion the Chapter 7 trustee sought to limit her homestead exemption to the value of the home on the petition date, and that any appreciation in the value of the Property is property of the Chapter 7 bankruptcy

estate and to sell the Home for the benefit of the estate. Debtor objected, arguing the vesting provision in the plan and under Section 1327(b) prevented the home from becoming property of the Chapter 7 estate under Section 348(f)(1)(A).

The court, finding the reasoning of *Barrera I* and *Lynch* more persuasive than *Goins* because it better reflects the legislative intent of Section 348(f), ruled that post-petition appreciation upon conversion belonged to the debtor. *Id*.

In *In re Golden*, 528 B.R. 803 (Bankr. D. Colo. 2015), the debtor's home appreciated during the Chapter 13 case and was sold prior to conversion to Chapter 7. The court found Debtor is entitled to any post-confirmation, pre-conversion appreciation in value of the property claimed as exempt. The court followed the reasoning of *In re Niles*, 342 B.R. 72 (Bankr.D.Ariz.2006) (although the proceeds from the post-confirmation, pre-conversion sale exceeded the statutory maximum of the homestead exemption, such proceeds belonged to the debtor because confirmation revested estate property in the debtor), *In re Slack*, 290 B.R. 282 (Bankr.D.N.J.2003) (post-confirmation, pre-conversion appreciation in value was not property of the estate in the Chapter 7 case because, in the converted case, property was valued as of the date of the filing of the petition pursuant to 11 U.S.C. § 348(f)(1), and *In re Wegner*, 243 B.R. 731 (Bankr.D.Neb.2000) (same). *Golden*, 528 B.R. at 810.

14

In *In re Hodges*, 518 B.R. 445 (Bankr. E.D. Tenn. 2014), equity built up in the debtors' residence because of payments made to their mortgagee during the Chapter 13 case. The court first noted that "although Section 348(f)(1)(B) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), because the issue in this case is controlled by Section 348(f)(1)(A), which was not amended by BAPCPA, the court may rely on cases construing Section 348(f)(1)(A) before BAPCPA came into effect." *Id.* at 448.

In *Hodges*, several cases are cited including *In re Nichols*, 319 B.R. 854, 857 (Bankr. S.D. Ohio 2004), *In re Lynch*, 363 B.R. 101, 107 (B.A.P. 9th Cir. 2007), *In re Salvador*, No. 2:05-CV-1107-GEB, 2006 WL 3300770, at *4 (E.D. Cal. Nov. 14, 2006), *In re Woodland*, 325 B.R. 583, 586 (Bankr. W.D. Tenn. 2005), and *In re Boyum*, No. 05-1044-AA, 2005 WL 2175879, at *2 (D. Or. Sept. 6, 2005) – all which stand for the proposition that post-petition pre-conversion increases in equity caused by both pay-down of secured debt and property appreciation are property of the debtor, not the Chapter 7 estate. Cases postdating the 2005 BAPCPA amendment to Section 348(f)(1)(B) also reach the same conclusion, contrary to the Trustee's argument. *Hodges*, 518 B.R. at 449

The court in *Hodges* further noted that post-BAPCPA Section 348(f)(1)(B) "addresses the rights of a secured creditor in the context of valuation of specific property at the end of the Chapter 13 bankruptcy." *Hodges*, 518 B.R. at 450.

The court held that the issue was "squarely answered by § 348(f)(1)(A) and the case law interpreting it," and therefore, the debtors were entitled to the post-petition equity created by the mortgage payments made in the Chapter 13 case. *Id.*

In *In re Niles*, 342 B.R. 72 (Bankr. D. Ariz. 2006) the debtor's home appreciated and it was sold before the case was converted to Chapter 7. The trustee argued that the proceeds were property of the Chapter 7 estate. The *Niles* court found that the appreciation in the debtor's home was the post-petition property of the debtor. The court stated:

> While admittedly an increase in value to real property is not the same as after-acquired property as that term is traditionally defined under bankruptcy law, it is similar in nature and justifies the same result. Denying the debtor the increase in value upon conversion would similarly act as a disincentive to filing Chapter 13 in the first instance.
>
> For these reasons, the court concludes that the funds more than the exemption amount received because of the post-confirmation, pre-conversion sale of Debtor's home are not subject to turnover to the Trustee.

*Niles*, 342 B.R. at 76.

In *In re Nichols*, 319 B.R. 854 (Bankr. S.D. Ohio 2004), the court explained that Congress was concerned that transferring the benefits made by a debtor by diligently making payments under a Chapter 13 plan to the unsecured creditors if the case converted to one under Chapter 7 "would create a serious disincentive to Chapter 13 filings because debtors would fear that property attained after filing,

including equity created by payment of secured debts, could be lost if the case were converted. Congress did not intend that a Chapter 13 debtor should lose the benefit of any equity accrued in an asset because of said debtor's compliance with the Chapter 13 plan payments. The legislative history also states that equity created during the Chapter 13 case is not property of the estate." *Nichols* at 856 (quoting Collier on Bankruptcy ¶ 348.07[1] (15th ed. rev'd 2004)).

In *In re Jackson*, 317 B.R. 511 (Bankr. N.D. Ill. 2004), the debtor's home appreciated in value before the case was converted to Chapter 7. The court found that any appreciation in the value of the home or increase in equity during the Chapter 13 case was the property of the debtor. *Jackson*, 317 B.R. at 513, 518. The court based its decision on the legislative history which states that equity created during the Chapter 13 case is not property of the estate. *Id.* at 513. The court also stated the assurance that debtors may keep any appreciation of their property during the Chapter 13 case promotes reorganization over liquidation. *Jackson*, 317 B.R. at 516.

In *In re Burt*, Case No. 01-43254-JJR-7, 5 (Bankr. N.D. Ala. Jul. 31, 2009), the Debtors owned real property valued at $62,700 with a mortgage of $45,000, leaving $17,700 equity at the time of filing. The Debtors later converted to Chapter 7. During the pendency of their Chapter 13 they had made payments on their mortgage which reduced it to $20,034.20 at the time of conversion. Due to

17

the payments and appreciation the Debtors equity had increased to $42,665.80. The Chapter 7 trustee claimed the equity that increased during the Chapter 13 (from mortgage payments, appreciation, or otherwise) inured to the benefit of the Chapter 7 estate. *Id.*

The court stated "[t]here is a consensus among courts that equity attributed to appreciation in a property's value may not be claimed by the trustee in a converted case" citing *In re Wegner*, 243 B.R. 731, 734-35 (Bankr. D. Neb. 2000), *In re Niles*, 342 B.R. 72, 76 (Bankr. D. Ariz. 2006), and *In re Page*, 250 B.R. 465, 465 (Bankr. D.N.H. 2000). *Burt*, Case No. 01-43254-JJR at 10.

In *In re Page*, 250 B.R. 465 (Bankr. D. N.H. 2000), the court examined whether the appreciation in value of the debtor's home during the Chapter 13 was part of the Chapter 7 estate. The court found that the appreciation of the debtor's home during the Chapter 13 case was property which debtor acquired post-petition.

The court stated Section 348(f) was added to the Bankruptcy Code in October 1994 to induce individuals to file under Chapter 13. Under this section, absent a showing of bad faith, property of the estate of a converted case consists of the property at the date of the filing, and valuations of property and allowed secured claims are binding in the converted case. In the instant case, there is no allegation of bad faith, and the Court sees no reason to distinguish between property acquired after the original petition date which is clearly not part of the

18

Chapter 7 estate from appreciation of property during a Chapter 13 proceeding. *Page*, 250 B.R. 466.

Based on the majority view, the increase in the value of the Debtors exempt property that accrued during the pendency of their Chapter 13 (whether derived from appreciation, payment of secured debt, improvements made, or otherwise) is not property of the Chapter 7 bankruptcy estate. It belongs to the Debtors.

### III.    Leading Bankruptcy Commentators Agree Post-Petition, Pre-Conversion, Increase in Value of Exempt Property Inures to the Debtor.

According to Collier on Bankruptcy the addition of Section 348(f) clarified that Congress had intended the result reached by cases that had not included in the post-conversion Chapter 7 estate the property acquired by the debtor during the pre-conversion Chapter 13 case. 3 Collier on Bankruptcy ¶ 348.07[1] (16th ed. 2020).

According to Keith Lundin and William Brown, after reviewing Section 348(f)(1)(A)'s legislative history, "it seems to have been congressional intent to take a snapshot of the estate at the filing of the original Chapter 13 petition and, based on that inventory, include in the Chapter 7 estate at conversion only the portion that remains in the possession or control of the debtor. The spirit of § 348(f)(1)(A) is best captured by a rule that property acquired by the Chapter 13 estate or by the debtor after the Chapter 13 petition does not become property of

the Chapter 7 estate at a good-faith conversion. The method of acquisition after the Chapter 13 petition should not matter: post-petition property does not become property of the Chapter 7 estate at conversion, whether acquired with earnings by the debtor, by transfer to the debtor — for example, an inheritance after 180 days after the petition — or by appreciation in the value of a pre-petition asset." Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, § 316.1, at ¶ 26 (4th ed. 2004).

Based on the opinion of leading bankruptcy commentators, the increase in the value of the Debtors exempt property that accrued during the pendency of their Chapter 13 is not property of the Chapter 7 bankruptcy estate. It belongs to the Debtors.

## IV.  Legislative History of Section 348(f) Provides Post-Petition, Pre-Conversion, Increase in Value of Exempt Property Inures to the Debtor upon Good Faith Conversion.

The Bankruptcy Reform Act of 1994 added subsection (f) to Section 348 to address the issue of what happens to property a Chapter 13 debtor acquires post-petition but prior to conversion to another chapter.

The purpose of the amendment was to overrule the holding in cases such as *Matter of Lybrook*, 951 F.2d 136 (7th Cir. 1991) and adopt the reasoning of *In re Bobroff*, 766 F.2d 797 (3d Cir. 1985). However, it also gives the court discretion, in a case in which the debtor has abused the right to convert and converted in bad

faith, to order that all property held at the time of conversion shall constitute

property of the estate in the converted case. H.R. Rep. No. 103-835, at 57 (1994),

as reprinted in 1994 U.S.C.C.A.N. 3340, 3366.

By adopting the reasoning applied in *Bobroff* over *Lybrook*, the House

Report suggests the policy goals of Section 348(f) should not disincentivize filing a

Chapter 13 case by penalizing debtors should the case convert to Chapter 7. *Id.*

Based on the legislative history of Section 348(f) the increase in the value of

the Debtors exempt property that accrued during the pendency of their Chapter 13

is not property of the Chapter 7 bankruptcy estate. It belongs to the Debtors.

## V.    The Decisions Below Ignore Binding Precedent and Section 348(f)(2).

As set forth herein, the courts below ignored binding Supreme Court and

Ninth Circuit Court of Appeals precedent, the reasoning of the majority view

followed by most courts, clear legislative intent, and expert commentators, all

finding that post-petition, pre-conversion, increase in the value of real or personal

property (by appreciation, paying down secured debt, improvements made, or

otherwise) inures to the debtor upon good faith conversion to Chapter 7.

The bankruptcy court seemingly ignored Section 348(f)(2) when it

concluded "[n]othing in Section 348(f) indicates that a post-petition increase

in value of such property is to be treated differently than post-petition changes in

value under In re Reed.5" ER-25:12-14 (footnote omitted). The district court also appears to ignore Section 348(f)(2). ER-7:9-17.

This case was not filed as a Chapter 7. It was filed as a Chapter 13 and later converted to Chapter 7. Even if post-petition appreciation in the value of the Debtors home is somehow intrinsic and inseparable from the home, and inures to the bankruptcy estate under Section 541(a)(6), and the bankruptcy estate is created at the commencement of the case under Section 541(a), it should still belong to the Debtors at the time of their good faith conversion pursuant to Section 348(f)(2). The increase in the value of the Debtors home occurred during the pendency of their Chapter 13, not after conversion to Chapter 7. ER-43:17-22.

The Debtors are not receiving a windfall by keeping post-petition appreciation from the Chapter 7 trustee. If the Debtors herein had filed under Chapter 7 initially the case would have been administered and closed in approximately 4 months, long before the homestead had appreciated in value.

It seems, if the decisions below are affirmed, the post-petition increase in the value of exempt assets (by appreciation, payment of secured debt, improvements made, or otherwise) of a Chapter 13 debtor in the Ninth Circuit would become property of the Chapter 7 bankruptcy estate upon good faith conversion.

**VI.    The Chapter 7 Trustee's Argument Under Section 348(f)(1)(B) was Rejected**.

The Chapter 7 trustee below sought court approval to sell the Debtors home arguing the 2005 amendment to Section 348(f)(1)(B) provided a basis for ignoring binding Supreme Court and Ninth Circuit Court of Appeals precedent, the reasoning of the majority view followed by most courts, clear legislative intent, and expert commentators, all finding that post-petition, pre-conversion, increase in the value of real or personal property (by appreciation, paying down secured debt, improvements made, or otherwise) inures to the debtor upon good faith conversion to Chapter 7.

The courts below rejected the Chapter 7 trustee's argument that Section 348(f)(1)(B) provided him a basis for selling the Debtors home.  They determined Section 348(f)(1)(B) was irrelevant to the facts of this case, finding the "valuation" referred to in Section 348(f)(1)(B) does not mean "value" and that its purpose was to allow the parties to revisit "valuation" of a security interest after conversion for purposes of redemption, lien avoidance, and bifurcation.  ER-7, fn. 1.

The purpose of 2005 adding Section 348(f)(1)(B) is to protect secured creditors in cases involving redemption.  See, e.g., *In re Airhart*, 473 B.R. 178 (Bankr. S.D. Tex. 2012), and lien avoidance/bifurcation, see, e.g., *In re Martinez*, No. 7-10-11101 JA, 2015 WL 3814935, at *1 (Bankr. D.N.M. June 18, 2015). *In re Hodges*, 518 B.R. 445 (Bankr. E.D. Tenn. 2014).  *In re Goins*, 539 B.R. 510,

513-514 (Bankr. E.D. Va. 2015). David G. Carlson, "Cars and Homes in Chapter 13 After the 2005 Amendments to the Bankruptcy Code," 14 Am. Bankr. Inst. L.Rev. 301, 385 (Winter 2006). 3 Collier on Bankruptcy ¶ 348.07[3], at 348-26 (Alan N. Resnick & Henry J. Sommer, 16th ed. rev. 2017).

## VII. The Court May Rely on Pre-BAPCPA Cases Construing Section 348(f)(1)(A).

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) amended Section 348(f)(1)(B) and (C) but it did not amend Section 348(f)(1)(A). Consequently, the congressional intent evident in the 1994 House Report is still applicable and courts may rely on cases construing § 348(f)(1)(A) before BAPCPA came into effect. *Hodges*, 518 B.R. at 448.

## CONCLUSION

Based on the foregoing, and for the reasons stated, the Debtors respectfully submit that the value of their exempt real and personal property that accrued during the pendency of their Chapter 13 (whether derived from appreciation, payment of secured debt, improvements made, or otherwise) is not property of the Chapter 7 bankruptcy estate. It belongs to the Debtors.

Date: November 2, 2022         */s/ Steven C. Hathaway*
                               Steven C. Hathaway, WSBA #24971
                               shathaway@expresslaw.com
                               *Attorney for Appellants*

24

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 22-35604

I am the attorney or self-represented party.

**This brief contains** | 5,756 | **words**, excluding the items exempted

by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R.

App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one):*

    ○ it is a joint brief submitted by separately represented parties;

    ○ a party or parties are filing a single brief in response to multiple briefs; or

    ○ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated          .

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | /s/ Steven C. Hathaway | **Date** | November 2, 2022

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**          25          *Rev. 12/01/2018*

## <u>STATEMENT OF RELATED CASES</u>

There are no related cases currently pending in this Court.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 2, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Date: November 2, 2022  */s/ Steven C. Hathaway*
Steven C. Hathaway, WSBA #24971
shathaway@expresslaw.com
*Attorney for Appellants*