## DOCKET NO. 22-35604

*In the*

# UNITED STATES COURT OF APPEALS

*For the*

# NINTH CIRCUIT

In the Matter of: JOHN FELIX CASTLEMAN, SR.
and KIMBERLY KAY CASTLEMAN,

Debtors

JOHN FELIX CASTLEMAN, SR.
and KIMBERLY KAY CASTLEMAN,

Appellants

v.

DENNIS LEE BURMAN, Chapter 7 Trustee,

Appellee

Appeal from a Decision of the United States District Court for the Western District of Washington,
No. 2:21-cv-00829-JHC   Honorable John H. Chun

## APPELLEE'S OPENING BRIEF

Peter H. Arkison
Attorney at Law
103 East Holly Street, Suite 502
Bellingham, Washington 98225

360-671-0300
peter@arkison.com

Attorney for Appellee
Dennis Lee Burman, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION............................................................................................ 1

SUMMARY OF ARGUMENT......................... 2

SECTION 348...................................... 4

NO EXEMPTION FOR APPRECIATION ....................................... 10

EXISTING NINTH CIRCUIT LAW ........................ 11

    *White v. Stump* ..............................................................13

    *In re Reed*......................................................................14

    *Taylor v. Freeland and Kronz*.......................................16

    *In re Hyman*...................................................................17

    *Schwab v. Reilly*............................................................19

    *In re Gebhart*.................................................................20

    *Wilson v. Rigby*..............................................................22

    *United States of America v. Warfield* ............................24

    *Masingale v. Munding*...................................................25

CONCLUSION ............................................................................28

CERTIFICATE OF COMPLIANCE........................................................31

STATEMENT OF RELATED CASES..................................................32

CERTIFICATE OF SERVICE..............................................................33

# TABLE OF AUTHORITIES

## Cases

*In re Airhart*
 473 B.R. 178 (Bank. S.D. Tex 2012)...................................................................6

*In re Gebhart*,
 621 F.3d 1206 (9th Cir. 2010).................................................... 21, 24, 25, 29

In re Goins,
 539 B.R.510 (Bankrtcy E.D. Va. 2015) ...............................................................7

*In re Hyman*
 967 F.2d 1316 (9th Cir.1992)..........................................................2, 17, 19, 29

*In re Martinez*
 No. 7-10-11101 JA Bankruptcy Court, New Mexico (2015) (Unpublished) ....................7

*Masingale v. Munding*,
 ___ B.R. ___(9th BAP, November 2, 2022)  (Publication Ordered) Slip Opinion
 .................................................................................................17–21, 25, 26

*In re Reed*
 940 F.2d 1317 (9th Cir. 1991)..........................................................2, 14, 29

*Schwab v. Reilly*, 560 U.S.770, 130 S.Ct. 2652 (2010) ....................................13, 19, 27

*Taylor v. Freeland and Kronz*,
 503 U.S. 638, 112 S.Ct. 1644 (1992).......................................................16, 17

*United States of America v. Warfield*, ___ F.4th ____ (9th Cir. November 22, 2022)
 (Ordered Published).............................................................................24

*White v. Stump*,
 266 U.S. 310, 45 S.Ct. 103 (1924).................................................................13

*Wilson v. Rigby*
 909 F.3d 306 (9th Cir. 2018)......................................................... 2, 22, 29

## Statutes

RCW 6.13.030.30.................................................................................2, 10

11 U.S.C. § 348 ...........................................................1,3,4,5,6,8. 10, 12

11 U.S.C. § 522......................................................................................................26

11 U.S.C. § 541................................................................................................5,8,30

11 U.S.C. § 704 (a).............................................................................................3, 9

11 U.S.C. §1327 (b)..............................................................................................9

**TRUSTEE'S BRIEF**

**INTRODUCTION**

After filing a Chapter 13 Bankruptcy Petition, confirming a Plan, making Plan payments for 20 months, and suffering medical issues which adversely affected his ability to work,  John Felix Castleman, Sr., and Kimberly Kay Castleman, the Debtors, converted their case to the provisions of Chapter 7.

The Debtors scheduled unsecured claims of $344,947.59 and priority claims in the amount of $37,906.56 ER-111, Dkt 10 pages 70-84; the unsecured debts were discharged on May 13, 2021.  ER--122, Dkt 80.

Dennis Lee Burman was appointed the Chapter 7 Trustee.  The Trustee had his realtor determine the value of the property.  She came back with a value of $700,000, a $200,000 increase during two years that the case was in Chapter 13.

Section 348 (f)(1)[1] defines what property of the Chapter 13 estate becomes property of the Chapter 7 estate.  The Debtors are asking this Court to rule that they get the appreciation in the value of their home while it was in Chapter 13.

The Trustee believes that a series of four cases from the 9th Circuit hold that the value of the property at the time of sale in excess of the amount which the

---

[1]  "Section" and "§" refer to portions of Title 11 U.S.C. *et seq.*, commonly known as the "Bankruptcy Code".

-1-

Debtors claimed as exempt goes to the Trustee for liquidation and distribution to creditors; the excess is appreciation.

## SUMMARY OF ARGUMENT

The essence of the Debtors' brief is that they want this Court to reverse its decisions in *In re Reed*, 940 F.2d 1317 (9th Cir. 1991), *In re Hyman*, 967 F.2d 1316 (9th Cir. 1992), and *Wilson v. Rigby*, 909 F.3d 306 (9th Cir. 2018). With these cases gone, the Debtors believe that they should be able to keep the $200,000 appreciation in their home while the case was in a Chapter 13. This would effectively eliminate any funds which otherwise would be available for payment to their creditors.

When they filed their Chapter 13 bankruptcy case, they valued their home at $500,000, with a lien against it of $375,077.00. ER–114, Dkt 10. Once they deducted the lien from the value of their home, there was only equity of $124,923.00 which they claimed as their authorized homestead exemption. ER–111 Dkt 10. This $77.00 was less than the $125,000 which was the maximum homestead exemption allowed by RCW 6.13.030[2].

The Debtors have never amended their initial schedules to list the

_____

[2] RCW is the abbreviation for the Revised Code of Washington, the codification of the State of Washington statutes.

appreciation as an asset nor have they amended their claim of exempt property to

claim the appreciation in the property as exempt.  When they converted their case

from Chapter 7 to Chapter 13, their attorney filed the following statement

concerning the status of their assets and their exemptions:

> The Debtors, John and Kimberly Castleman, pursuant to
> Fed.R.Bankr.P. 1090(5), declares that any debts that arose subsequent to the
> filing date of the petition in this matter, and prior to the date on which this
> case was converted to a case under Chapter 7 were previously added to the
> debtors's schedules.  The petition, schedules and statement of financial
> affairs currently filed with the court are an accurate depiction of the debtor's
> current financial situation. (sic)

> Date: <u>February 22, 2021</u>          <u>/s/ Steven C. Hathaway</u>
>                                        Steven C. Hathaway
>                                        Attorney for the Debtors

ER–114, Dkt 62

Dennis Lee Burman was appointed the Chapter 7 Trustee.  Section 704 sets

forth the duties of a Trustee; the primary portion is § 704 (a):

> The trustee shall–(1) collect and reduce to money the property of the estate
> for which such trustee serves, and close such estate as expeditiously as is
> compatible with the best interests of the parties in interest.

Section 348 sets forth what property of the Debtors, in their Chapter 13

portion of the case, is property of the Chapter 7 portion of the case.  Subsection

348 (f)(1).

When the Trustee was not getting the cooperation he needed from the

Debtors to sell the house, the Trustee  made a motion to sell the real property of the

Debtors, they responded by saying that they were entitled to appreciation, payments on mortgage, and other items; they classified these items as "after acquired property" which is not property of the estate. ER 30 at 35  They have not amended their schedules to claim these items as assets nor have they claimed them as exempt.  What they have failed to understand or acknowledge is that their exemption claim in the home is an interest in the proceeds of the sale of home, not the home itself which remains in the Chapter 7 estate.

## SECTION 348

The place to begin any discussion rights and duties is with the statute.  The pertinent statute is § 348 the pertinent parts of which provide:

Section 348 provides, in part:

> (a) Conversion of a case from a case under one chapter of this title to case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

> (f)(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title–

>> (A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion;

-4-

(B) valuations of property and of allowed secured claims in the chapter 13 case shall apply only in a case converted to a case under chapter 11 or 12, but not in a case converted to a case under chapter 7, with allowed secured claims in cases under chapters 11 and 12 reduced to the extent that they have been paid in accordance with the chapter 13 plan;

(2) If the debtor converts a case under Chapter 13 of this title to a case under another chapter under this title in bad faith, the property of the estate in the converted case shall consist of the property of the estate as of the date of conversion.

Section 348 of the Bankruptcy Code is important for setting forth what happens when a case is converted from Chapter 13 to a different Chapter. It draws a bright line between the way a Chapter 13 conversion is handled and the way Chapters 11 and 12 are handled. It is important primarily for identifying which assets of the Debtors are property of the Chapter 7 estate. This Section simplifies the determination of property available for the Trustee to administer.

Property of the estate, in relevant part, is defined in Section 541 as:

(a)     The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is–

(A) under the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

The property which the Debtors had at the time the Petition was filed and still had in their possession or control at the time they converted their case to the provisions of Chapter 7 is property of the estate which the Trustee can liquidate for the benefit of creditors, subject to their claims of exempt property.  This not only includes their home, but also the 2015 Chevrolet Tahoe, the 2015 Nissan Sentra, along with the rest of their assets.  If they would have purchased a Lotto ticket a week before they converted to Chapter 7, it would not have been property of the estate because they did have it when they filed their Petition..

With this background, the question becomes:  Does the Trustee get the home along with its appreciation and the additional equity in the property as the Trustee claims the statute provides or are the Debtors correct that the "snapshot valuation at filing" prevails which leaves nothing for the creditors?

BAPCPA significantly changed valuation of property for cases converted from Chapter 13 to Chapter 7.  Under the amended statute (§ 348 (f)(1)), once the case is converted, valuation begins anew.  Stated differently, the parties have a "second bite at the valuation apple."  And, because they do, they must be prepared to introduce evidence on the actual age and condition of the property to be redeemed.

*In re Airhart*, 473 B.R. 178, 184 (Bank. S.D. Tex. 2012).

When faced with interpreting the meaning of a statute, the Court begins with the language of the statute itself. *United States v. Ron Pair Enterprises* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). If the language is clear, the Court's inquiry ends and the Court will enforce the statute according to its terms. See *Ron Pair*, 489 U.S. at 241 109 S.Ct. at 1030 ("... the statute's language is plain, the sole function of the courts is to enforce it according to its terms.")(quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). The language of the statute plainly provides that property valuations made in a Chapter 13 case apply only to cases converted to Chapter 11 or 12 but not to cases converted to Chapter 7, 11 U.S.C. § 348 (f)(1)(B). Under the plain meaning of 11 U.S.C. §348 (f)(1)(B), all property valuations made in the Chapter 13 case do not apply following conversion to Chapter 7.

*In re Martinez*, No. 7-10-11101 JA (Bankruptcy Court, New Mexico (2015) (Unpublished)

This brings the Court back to the issue: which party is entitled to the post-petition appreciation of the property? The Trustee argues that the 2005 amendment to Section 348 (f)(1(B) did away with any notion of implicit valuation as a result of confirmation in a Chapter 13 case, because Section 348 (f)(1)(B) now expressly provides that valuations from Chapter 13 do not carry over into converted Chapter 7 cases. The Court finds in favor of the Trustee here, but not because of the 2005 amendment to Section 348 (f)(1)(B) legislatively overruled the implicit valuation cases. See 11 U.S.C. § 348 (f)(1)(B). Rather, the Court agrees that the Trustee is entitled to the post-petition appreciation in the property because the real estate was *always* property of the estate under Section 541(a) of the Code. Section 541 (a)(1) broadly defines property of the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case," "wherever located and by whomever held." 11 U.S.C. § 541(a)(1). Further, Section 541 (a)(6) provides that all "proceeds, product, offspring, rents or profits of or from property of the estate" constitutes property of the estate. 11 U.S.C. § 541(a)(6). Numerous cases relying on Section 541 (a)(6) have held that post-petition appreciation in property belongs to the estate. See *In re Hyman*, 967 F.2d 1316 (9th Cir. 1992); *In re Reed*, 940 F.2d 1317, 1323

(9th Cir. 1991) ("appreciation [i]nures to the bankruptcy estate, not the debtor"); *In re Potter*, 228 B.R. 422, 424 (8th Cir. B.A.P.1999) ("Except to the extent of the debtor's potential exemption rights, post-petition appreciation in the value of property accrues for the benefit of the trustee"); *In re Moyer*, 421 B.R. 587, 594 (Bankr. S.D. Ga. 2007); *In re Shipman*, 344 B.R. 493, 495 (Bankr. N.D. W. Va. 2006) ("the trustee is entitled to any post-petition appreciation in value of the property"); *In re Bregni*, 215 B.R. 850, 854 (Bankr. E.D. Mich. 1997); *In re Paolella*, 85 B.R. 974, 977 (Bankr. E.D. Pa. 1988) ("Because sale does not generally, if ever, occur simultaneously with formation of a bankruptcy estate, § 541 (a)(6) mandates that the estate receive the value of the property at the time of the sale. This value may include appreciation or be enhanced by other circumstances creating equity which occur postpetition").

There is an irreconcilable conflict between these cases, which look to Section 541 (a)(6), and the cases cited in Part A above (*Warren v. Peterson*, *In re Slack, In re Niles,* and *In re Page),* which look to Section 348 (f)(1)(A) for the answer. In the Court's view, the cases under Section 541 (a)(6) are applicable because the equity attributable to the post-petition appreciation of the property is not separate, after-acquired property, to which we might look to Section 348(f)(1)(A). The equity is inseparable from the real estate, which was always property of the estate under Section 541(a).

....

For the forgoing reasons, the Court holds that the Debtor is not entitled to the appreciation in his property that accrued during the course of his Chapter 13, and the Trustee is entitled to sell the property.

*In re: Goins*, 539 B.R. 510, 515–16 (Bakrtcy. E.D. Va. 2015).

It is worth noting that neither Section 348 nor 541 removes property from the estate. Property which became property of the estate at the time the Petition was filed is still property of the estate; pursuant to § 541 (a)(6), along with the appreciation and increases of equity from payments and subject to the homestead

-8-

exemption claim in the amount of $124,923.00.

This section has drawn a lot more attention in this case than it should.  It simply draws a line between the way  Chapter 11 and 12 cases and Chapter 13 cases are administered.  It is simply saying that property for the Chapter 7 Trustee to administer must 1) have been property of the estate when the case was filed and 2) still in the possession or control of the Debtors when the case was converted.  There are also a lot of "what ifs" which attempt to address other possible matters which are not germane to this case.

Section 1327 (b)  provides: "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."  The Bankruptcy Court for the Western District of Washington, uses a uniform text order entered on the docket for confirming Chapter 7 cases; the pertinent part of that order in this case says, "(7) all property of the Debtor and the estate shall remain under the exclusive jurisdiction of the Court".  ER–114, Dkt 32.

Section 704 sets forth the duties of the Trustee.  One of which is:

(a) The trustee shall--

> (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest.

-9-

Although Section 348 would allow the Trustee to administer virtually all of the property personal property of the Debtors, exemption claims, depreciation of the value of vehicles, and the costs of liquidating assets leave only the residence as having sufficient value to cover the costs of liquidating it.

## NO EXEMPTION FOR APPRECIATION

This case has been swirling around about appreciation and its relation to the Debtors' residence and the ability of the Debtors to claim the appreciation as exempt. What the Debtors have failed to do is to claim the appreciation as exempt. They have also failed identify a statute under either federal or state law which says that the appreciation in the property, during the administration of the case, is exempt if the asset it is related to is exempt.

In order to claim it exempt, they must provide a statute which allows it. Section 522 sets forth two different lists of exemptions one federal § 522 (b)(2) and one which the state provides § 522 (b)(3). The Debtors chose to use the Washington exemptions; the statutory exemption with respect to homesteads is found in RCW 6.13.010 *et seq*. Appreciation is not listed as exempt.

RCW 6.13.030 provides in pertinent part:

> A homestead may consist of lands, as described in RCW 6.13.010, regardless of area, but the homestead exemption amount shall not exceed the lesser of (1) the total net value of the lands, . . . or (2) the sum of one hundred twenty-five thousand dollars in the case of lands .

. . . .

The Debtors used $124,923.00 of that section, which covered all their equity in the residence leaving left $77.00 of homestead exemption which could not be used..

The statute does not allow an exemption for appreciation; it not required as the homestead exemption includes all of the appreciation in the property from the time that they purchased it to the date of filing of the Petition

When the Debtors file their Petition and claim a homestead exemption in the amount of $124,923.00 they only have an interest in the first $124,923.00 of the proceeds from the sale. The property is no longer theirs, unless it subsequently abandoned.

## EXISTING NINTH CIRCUIT LAW

This portion of the Brief will primarily use the words this Court has used in its decisions so as not to leave room for a party to "put words in the Court's mouth". The cases will show the various arguments used by the debtors to keep the increase in value of their property. They show that this Court has repeatedly held that the debtor was limited to the statutory amount when claiming a homestead exemption; the debtors have not been given the post petition appreciation

In their Statement of the Case, at page 5 of their Brief, the Debtors have two

footnotes which say:

> 3  The Ninth Circuit cases cited by the courts below were filed as Chapter 7.  They were not Chapter 13 conversions.  See *Wilson v. Rigby*, 909 F.3d 306, 312 (9th Cir. 2018); *In re Hyman*, 967 F.2d 1316, 1321 (9th Cir. 1992); *In re Reed*, 940 F.2d 1317, 1323 (9th Cir. 1991).

> 4  Acknowledging *Rigby* was a Chapter 7 case, the district court said the logic applies with equal force in a conversion case.

The Debtors want the appreciation in the value of their home and "after acquired property".  Although they make reference to the fact that the cases cited in their footnote, were filed under Chapter7, not 13; Section 522 treats Chapter 7 and 13 the same way.  The Debtors treat appreciation as something which is separate from the property.

In order to get there they have to say that their homestead exemption means that they still have an interest in the real property.  The existing case law shows that the homestead exemption is an *"interest" in the proceeds* of the sale of the property not the property itself.  What they are asking for is exactly contrary to more than 30 years of Ninth Circuit precedent.

The Debtors claimed a homestead exemption in their residence in the amount of $124,923.00; this amount, which is $77.00 less than the statutory maximum, was a straight statutory exemption claim.  There was no claim seeking increases in the equity of the property from payments made on the mortgage.

-12-

There was not a claim for appreciation from market valuations. There was not a claim for capital work done on the property such a remodeling of the kitchen ("after acquired property" as they label it).

When they filed their Chapter 13 Petition, their exemption claim was just according to the statute. What changed was that they found out that the property had appreciated by $200,000 during the two years they were in the Chapter 13. They have not amended their schedules. They have not done anything to put the Trustee on notice that they were or are currently seeking a larger homestead exemption than the statute allowed, as *Schwab v. Reilly*, 560 U.S. 770, 130 S.Ct. 2652 (2010), requires.

The pertinent 9th Circuit caselaw begins with the case of:

***White v. Stump***, 266 U.S. 310, 45 S.Ct. 103, 69 L.ed. 301 (1924)

> The controlling caselaw starts with this old Supreme Court decision. The Debtor filed a bankruptcy petition listing all of his assets including a quarter section of land[3] which he lived on with his family, but nothing was said at that time about a homestead exemption. Two months later his wife asked that the property be set

---

[3] There are approximately 640 acres in a section, a square mile; a quarter section would be about 160 acres.

-13-

aside as a homestead exemption. Idaho law provided that a homestead

exemption is available only where the land is occupied by the Debtor,

claimed as a homestead in a declaration, and filed for record in the

proper place. The Court said:

> The bankrupt's right to control and dispose of the estate
> terminates as of that time, save only as to 'property which is
> exempt.' Section 70a. The exception, as its words and the
> context show, is not of property which would or might be
> exempt if some condition not performed were performed, but of
> property to which there is under the state law a present right of
> exemption–one which withdraws the property from levy and
> sale under judicial process.

> The land in question here was not in that situation when
> the petition was filed It was not then exempt under the state
> law, but was subject to levy and sale. One of the conditions on
> which it might have been rendered exempt had not been
> performed. Under the state law the fact that the other
> conditions were present did not suffice.[4]

*White v. Stump, supra*. at 313 - 14.

This early case makes it clear that a Debtor must complete the steps

necessary to perfect the claim of exemption prior to the time the Petition is

filed.

***In re Reed*, 940 F.2d 1317 (9th Cir. 1991)**:

---

[4] This case is believed to be the origin of the "snapshot" rule which deals
with what happens when a bankruptcy case is filed.

-14-

The pertinent facts are that the Debtor, a married man, filed a Chapter 7 bankruptcy in which he claimed a $45,000 homestead exemption in the residence owned with his wife. After the Bankruptcy Court worked through a procedural mess and the complexities of the California exemption statute, it limited the exemption to $45,000 and not the whole value of the property.

> Under California law at the time when Debtor claimed his homestead exemption, once a Debtor is allowed the exemption a property right to $45,000 of the proceeds from the sale of the Debtor's residence revests in the Debtor and is no longer part of the bankruptcy estate. Cal. Civ. Proc. Code Secs. 704.720, 704.730. There is no support for Debtor's argument that title to the entire residence automatically revests in the Debtor.

> California does not permit a debtor to exempt his entire interest in a homestead, but specifically limits the dollar amount up to which a homestead exemption can be claimed. Cal. Civ. Proc. Code Sec. 704.730(a). The language of the relevant statutes make it clear that the "homestead exemption" in California is merely a debtor's right to retain a certain sum of money when the court orders a sale of a homestead in order to enforce a money judgment; it is not an absolute right to retain the homestead itself. See, e.g. Cal.Civ.Proc.Code Sec. 704.720(b), which states, *"If a homestead is sold under this division . . . the proceeds of sale .... are exempt in the amount of the homestead exemption provided in Section 704.730."* (Emphasis added). See *In re Hyman,* 123 B.R. 342, 345–48 (9th Cir. BAP 1991).

> In this case, no one objected to Debtor's homestead exemption within thirty days of the creditors' meeting. Therefore a right to $45,000 of any net proceeds from sale of the residence passed out of the bankruptcy estate on November 29, 1986. See Bankruptcy Court Rule 4003(b). However, the residence itself and all remaining net proceeds were still part of the bankruptcy estate and subject to administration by the Trustee. (Footnotes omitted.)

-15-

*In re Reed*, 940 F.2d 1317, 1321 (9th Cir. 1991)

The pertinent statute in Washington sets $125,000 as the maximum homestead. This case makes it clear that the homestead exemption does not give the Debtors the property but only the right, to $45,000.00 of the proceeds of the sale. Many cases refer to what the Debtor is receiving upon claiming property as exempt is an "interest" in the property claimed as exempt. The property remains in the estate; the Debtor receives the "interest" when the property is liquidated.

In the case at bar, the Debtors are seeking appreciation, capital improvements, payments made and anything else which increased the value of the property. Although they may be seeking everything, they only have an "interest" of $124,923.00 in the proceeds which they are to receive when the property is sold. As *Reed* said above: " the residence itself and all remaining net proceeds were still part of the bankruptcy estate and subject to administration by the Trustee".

**Taylor v. Freeland and Kronz, 503 U.S. 638, 112 S.Ct. 1644 (1992)**:

The Debtor had work place discrimination complaints pending when she filed her bankruptcy petition. On a schedule filed with the Bankruptcy Court, she claimed as exempt property the money expected to win in the discrimination suit. She claimed the litigation as exempt and listed its value as unknown. After investigating the matter, the Trustee decided not to

-16-

object to the exemption claim.  A settlement was reached.

> In this case, as noted, [the Debtor] claimed the proceeds from her employment discrimination lawsuit as exempt by listing them in the schedule that she filed under § 522 (l).  The parties agreed that [the Debtor] did not have a right to exempt more than a small portion of the proceeds either under state law or under the federal exemptions specified in § 522 (l).  [The Debtor] in fact claimed the full amount as exempt.  Taylor [the Trustee], as a result, apparently could have made a valid objection under § 522 (l) and Rule 4003 if he would have acted promptly.  We hold, however, that his failure to do so prevents him from challenging the validity of the exemption now.

> . . . .

> We reject Taylor's argument. [Debtor] claimed the lawsuit proceeds as exempt on a list filed with the Bankruptcy Court.  Section 522 (l), to repeat, says that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt."  Rule 4003 (b) gives the trustee and creditors 30 days from the initial creditors' meeting to object.

> *Taylor v. Freeland and Kronz*, 503 U.S. 638, at 642-643

*Taylor, supra*, holds that even though the Debtor claims an exemption

for which there is no legal or factual basis for the claim, a party in interest

must still object within 30 days of the completion of the Section 341 meeting

or the exemption claim will stand.

**In re Hyman, 967 F.2d 1316 (9th Cir. 1992)**:

The Debtors filed a Chapter 7 Bankruptcy Petition.  The Debtors

claimed their "homestead" as exempt under California law, listing the value

of the exemption as $45,000.  The Trustee sought to list their property for sale.

Unpleasantly surprised by the trustee's actions, the Hymans filed for declaratory judgment, claiming their home was not an asset of the estate because of its exempt status, and thus was beyond the reach of the trustee.  In the alternative, they claimed all post-petition appreciation in the value of their home inured to them, not to the estate; they were therefore entitled, in their eyes, to the $45,000 exemption  . . . plus the increase in the value of their home from the bankruptcy filing date to the sale date.

. . . .

. . . .   The Hymans' schedule of exempt property listed "homestead" as an exemption under Ca. Civ. Proc. Code § 704.720, and valued the exemption at $45,000.  Based on this information, the Hymans did not sufficiently notify others that they were claiming their entire homestead as exempt property; their schedule only gave notice that they claimed $45,000 as exempt, which is the proper amount of their homestead allowance . . . .

. . . .

Were we to accept the Hymans' argument that they're entitled to post-filing appreciation, we would also have to hold that a debtor is subject to post-filing depreciation, which would give debtors in falling property markets less than the $45,000 guaranteed them by state law.  Nothing in the bankruptcy law compels (or even suggests) such a drastic interference with the operation of the state homestead exemption statute.  In fact, our caselaw strongly suggests the opposite result.  See *Reed,* 940 F.2d at 1323 (stating that post-filing "appreciation enures to the bankruptcy estate, not the debtor").  The policies of both federal and state law (as well as the interest in simplifying bankruptcy estate administration) are best served if the debtor is guaranteed the full exemption amount on the date of sale, regardless of the vicissitudes of the real estate market or the timing of

-18-

the sale.[Footnotes omitted]

*In re Hymann*, 967 F.2d 1316 at 1318–1319, 1321

**Schwab v. Reilly**, 560 U.S. 770, 130 S.Ct. 2652 (2010)

> The issue is whether an interested party must object to a claimed exemption where, as here, the Code defines the property the debtor is authorized to exempt as an interest, the value of which may not exceed a certain dollar amount, in a particular type of asset, and the debtor's schedule of exempt property accurately describes the asset and declares the "value of [the] claimed exemption" in that asset to be an amount within the limits that the Code prescribes. Fed.Rule Bkrtcy. Proc. Official Form 6, Schedule C (1991) (hereinafter Schedule C). We hold that, in cases such as this, an interested party need not object to an exemption claimed in this manner in order to preserve the estate's ability to recover value in the asset beyond the dollar value the debtor expressly declared exempt.

*Schwab v. Reilly, supra*, at 560 U.S. 774

> For all of these reasons, we conclude that Schwab was entitled to evaluate the propriety of the claimed exemptions based on three, and only three, entries on Reilly's Schedule C: the description of the business equipment in which Reilly claimed the exempt interests; the Code provisions governing the claimed exemptions; and the amounts Reilly listed in the column titled "value of claimed exemption."

*Schwab v. Reilly, supra,*. at 785

In the case at bar, the Debtors claimed a homestead exemption in the amount of $124,923.00, the remaining equity in their home after deducting the loan against it. It was less than the $125,000, maximum allowed by RCW 6.13.030. It was only after they converted their case to Chapter 7 and found out that the property

-19-

had increased in value by $200,000 that they started claiming the appreciation.

**In re Gebhart, 621 F.3d 1206 (9th Cir. 2010)[5]:**

These consolidated appeals present the question of how to construe the homestead exemption in bankruptcy. In both cases, the debtors filed for Chapter 7 bankruptcy at a time when the value of the equity in their homes was less than the amount they were eligible to claim under the state or federal homestead exemption. There was no value in the homestead properties that could be claimed by the bankruptcy estate, and the debtors therefore anticipated that they would be able to retain ownership of their homes, subject to the terms of their mortgages, after the bankruptcy closed. The value of the homes subsequently increased so that the debtors had equity in excess of the homestead exemptions. Our question is whether the bankruptcy Trustees may force a sale of the homestead properties in order recover the excess equity, or whether instead the debtors should be allowed to retain any post petition increase in the fair market value of their homes.

. . . .

The homestead exemptions available to the debtors in both of these cases, however, do not permit the exemption of entire properties, but rather specific dollar amounts. Under 11 U.S.C. § 522(d)(1), the Chappells were entitled to exempt "[t]he debtor's aggregate interest, not to exceed [$36,900] in value, in real property." Similarly, the Arizona statute under which Gebhart claimed his exemption entitles a debtor to a homestead exemption "not exceeding one hundred thousand dollars in value." ARIZ. REV. STAT. § 33-1101. The Supreme Court recently clarified in *Schwab v. Reilly (In re Reilly),* --- U.S. ----, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010), that exemptions claimed under statutes like these are limited to the dollar value claimed in the exemption. Even when a debtor claims an exemption

---

[5] *In re Gebhart*, is a consolidation of In the Matter of Nikalous G. Gebhart, an Arizona case and In re Steven and Julie Chappell, a Washington case.

in an amount that is equal to the full value of the property as stated in the petition and the trustee fails to object, the asset itself remains in the estate, at least if its value at the time of filing is in fact higher than the exemption amount. *Id.* at 2661 - 62, 2666. Instead, what is removed from the estate is an "interest" in the property equal to the value of the exemption claimed at filing. *Id.* at 2660. The implications for the cases at issue here are clear; the fact that the value of the claimed exemption plus the amount of the encumbrances on the debtor's residence was, in each case, equal to the market value of the residence at the time of filing the petition did *not* remove the entire asset from the estate. [Footnotes omitted.]

. . . .

. . . . Under *Reilly*, an exemption claimed under a dollar-value exemption statute is limited to the value claimed at filing. At least when the total fair market value of the property is in fact greater than the exemption limit at the time of filing, . . . , any additional value in the property remains the property of the estate, regardless of whether the extra value was present at the time of filing or whether the property increased in value after filing. (Footnotes omitted)

*Gebhart, supra,* at 621 F.3d 1208, 10-11.

*Gebhart* makes it very clear that the Debtors cannot claim the postpetition increase in value, even though the Trustee in each of these cases delayed for months the closing each of their cases. It is unclear if there would have been increased value in the property if the cases had been closed promptly upon entry of the discharge order.

In the case at bar, the Debtors filed a Chapter 13 petition. They valued their home at $500,000 with a lien against in the amount of $375,077.00; they claimed a

homestead exemption of $124,923.00, the amount of the remaining exemption

equity in their property.  The statute allowed an homestead exemption of $125,000;

their exemption claim was $77.00 less than the statutory limit. They have done

nothing to claim an additional amount for the homestead or the post filing

appreciation until the Trustee brings a Motion seeking authority to sell the property

due to the lack of cooperation with the Trustee.

*Wilson v. Rigby*, 909 F.3d 306 (9th Cir. 2018):

> A debtor's exemptions have long been fixed at "the date of the filing
> of the [bankruptcy] petition." *White v. Stump*, 266 U.S. 310, 313, 45
> S.Ct. 103, 69 L.Ed. 301 (1924); *Wolfe v. Jacobson (In re Jacobson)*,
> 676 F.3d 1193, 1199 (9th Cir. 2012) ("Under the so-called 'snapshot'
> rule, bankruptcy exemptions are fixed at the time of the bankruptcy
> petition.") This rule determines not only what exemptions a debtor
> may claim, it also fixes the value that a debtor is entitled to claim in
> her exemptions *Gebhart v. Gaughan  (In re Gebhart)*,  621 F.3d 1206,
> 1211 (9th Cir. 2010) (noting the well-settled holding in this circuit
> "that what is frozen as of the date of filing the petition is the value of
> the debtor's exemption, not, not the fair market value of the property
> claimed as exempt"); *see also Hyman v. Plotkin (In re Hyman)*, 967
> F.2d 1316, 1321 (9th Cir. 1992) ("Were we to accept the Hymans'
> argument that they're entitled to post-filing appreciation, we would
> also have to hold that a debtor is subject to post-filing *de*preciation,
> which would give the debtors in falling property markets less than the
> $45,000 guaranteed them by state law.  Nothing in the bankruptcy law
> compels (or even suggests) such a drastic interference with the
> operation of the state homestead exemption statute.  In fact, our
> caselaw strongly suggests the opposite result." (Emphasis in
> original)).

. . . .

-22-

(B)y contrast, Washington applies a sliding scale in which "the homestead exemption amount shall not exceed the *lesser* of (1) the total net value of the [homestead] ... or (2) the sum of one hundred twenty-five thousand dollars...." Wash. Rev. Code §6.13.030 (emphasis added).

. . . .

Applying Washington law, Wilson is again entitled to the full value of the homestead exemption she could legally claim as of the petition date. However, Washington, unlike California, limits a debtor's exemption to the equity in her home. Here, there is no dispute that the "net value" of Wilson's home at the time she filed bankruptcy was the $3,560. That amount was all that Washington's exemption statute permitted her to exempt. The fact, that some debtors in our California cases were permitted to exempt more than the equity in their homes on the date of their bankruptcy petitions, does not establish Wilson's entitlement to do the same in Washington. Each state is entitled to set the parameters for its homestead exemption, but in all cases a debtor is limited to the value that may lawfully be claimed on the petition date.

*Wilson v. Rigby*, 909 F.3d 306, 308-311 (9th Cir. 2018)

*Wilson* provides a nice summary of 9th Circuit cases dealing with debtors trying to claim greater exemption than the statutes allow. "Appreciation" shows up as something debtors seek from the time the case was filed until the property is sold. What is it other than a way of speaking of changes in value over time? The real estate market can have drastic declines; a good example of this is the 2009 decline as the excesses of appreciation in 2007 and 2008.

After the case at bar was filed, Washington amended RCW 6.13.130

-23-

to significantly increase the amount of the exemption. That change does not

benefit the Debtors in this case.

**United States of America v. Warfield**, ___ F.4th ____ (9th Cir.
November 22, 2022)(Ordered Published)

In this case this Court remained consistent concerning exempt

property. Section 724 involves the ability of the Trustee to avoid liens that

are for penalties which impact the distribution of the estate under Section

726. If the Trustee avoids a lien under Section 724 (a), its priority is

"automatically preserved for the benefit of the estate but only with respect to

property of the estate." 11 U.S.C. §551. The property became the Debtor's

homestead. She did not timely pay her taxes; she eventually paid the taxes

but not all of the penalties. The Trustee sued to avoid the tax lien under

Section 724(a). With the lien avoided, the Debtor wanted the lien on her

exempt property avoided.

The Court held that the Trustee can avoid the lien for the benefit of

the estate, but the Debtor's interest in the property is not property of the

estate and is not benefitted by the lien avoidance.

> We have consistently recognized that authorized exemptions modify
> the property interests of the estate. After the commencement of
> bankruptcy proceedings, property interests which are exempted by a
> debtor are "withdrawn from the estate," *Gebhart v. Gaughan (In re
> Gebhart*, 621 F.3d 1206, 1210 (9th Cir. 2010), (quoting *Owen*, 500

-24-

U.S. at 308) and are no longer property of the estate.

*United States v. Warfield*, slip opinion page 12.

***Masingale v. Munding***, ___ B.R. ___ (9th BAP, November 2, 2022) (Ordered Published)

The Debtors filed a Chapter 11 bankruptcy petition. They scheduled their home as worth $165,430 with a lien against it of $130,724. On Schedule C, they claimed a homestead exemption pursuant to §522(d)(1) for "100% of FMV"; no one filed a timely objection to this exemption. The Plan was confirmed. Over a year after the Plan was confirmed, the Bankruptcy Court converted the case to Chapter 7. Almost three years after the case was converted, the Debtor moved to sell her property for $400,500. The Trustee objected to the sale; he claimed that only the Trustee could sell the property. The Debtor filed a Motion to Abandon the property; the Trustee objected. After a hearing, the Court granted the Motion to Sell and denied the Motion to Abandon.

The Bankruptcy Court held that the increase in the home's equity between 2015 and 2022 belonged to the estate and the homestead exemption was limited $45,950. The house was sold by the Trustee for $422,000.

The matter was appealed to the Bankruptcy Appellate Panel. The Trustee argued that the appeal should be dismissed because it was moot.

The BAP ruled that it was not moot as the Debtor was only seeking the

proceeds from the sale and not the reversal of the sale.

Section 522 (l) and the Supreme Court's decision in *Taylor*
foreclose any debate on the first question. Section 522 governs the
allowance of the exemptions in bankruptcy. Section 522 (l) provides
that "[t]he debtor shall file a list of property that the debtor claims as
exempt under subsection (b) of this section . . . . Unless a party in
interest objects, the property claimed as exempt on such list is
exempt."

. . . .

*Taylor* holds that § 522(l) means what it says: if no one files a
timely objection, an exemption claim is valid even if it had no
"colorable basis" in the law. In that case, the chapter 7 debtor claimed
as exempt her expected recovery in a pending lawsuit and listed the
value as "unknown." 503 U.S. at 640. No one objected to the
exemption claim. *Id*. at 641.

In re Masingale, supra, at slip opinion 12.

The Masingales followed the Supreme Court's suggestion to the
letter. They wanted to claim the entire value of their home as exempt,
so on Schedule C they claimed an exemption in an amount equal to
"100% of FMV." Under *Schwab*, this notation is proper to indicate an
intent" to exempt the **full market value of the asset** or the asset
itself," *id*. at 792 (emphasis added by BAP), and should the parties in
interest fail to object, "the debtor will be entitled to exclude the **full
value of the asset**," *id*. at 793 (emphasis added by BAP).

In re Masingale, supra, at slip opinion 17.

*Gebhart* was a consolidated appeal including our decision in
*Chappell*.[373 B.R. 73]. In both appeals, the debtors claimed the
dollar-figure homestead exemptions below the statutory limits. The
homes subsequently increased in value, and the trustees sought

approval to sell the property to realize the increased value for the benefit fo the estate. The Ninth Circuit held that the homestead exemptions in those cases "do not permit the exemption of entire properties, but rather specific dollar amounts." 621 F.3d at 1210. It held that "the fact that the value of the claimed exemption plus the amount of the encumbrances on the debtor's residence was, in each case, equal to the market value of the residence at the time of filing the petition did *not* remove the entire asset from the estate." *Id.*

In short, *Chappell* and *Gebhart* stand for the uncontroversial proposition that a debtor claiming a dollar-figure exemption within the statutory limits is not entitled to recover anything more than the claimed amount. This is exactly consistent with *Schwab*, and it does not address a case in which the debtor exempts "100% of FMV."

Masingale, *supra,* at slip opinion 21.

This case is a "road map" of what a party has to do, if it seeks more that the statutory limit. The cases do not encourage the action; some judges strongly discourage doing it for a frivolous reason.

The Debtors did not take any steps to comply with *Schwab v. Reilly, supra*. They valued their home at $500,000, with a lien against it of $375,077; they claimed their homestead exemption of $124,923.00. They had $77.00 of left over exemption which they could not use.

The Ninth Circuit has said time and again that, if the Debtors claim less than the statutory limit, they cannot increase their homestead claim post petition.

When the Debtors converted their case from Chapter 13, they were required to file amended schedules. ER–114, Dkt 56. Since they did not claim the

appreciation and any other items which they classified as "after acquired property" initially, this would have been a perfect opportunity to attempt to claim the appreciation as part of their exemptions. In lieu of filing any amended schedules, their attorney filed this statement in lieu of new/amended schedules:

> The Debtors, John and Kimberly Castleman, pursuant to Fed.R.Bankr.P. 1090(5), declares that any debts that arose subsequent to the filing date of the petition in this matter, and prior to the date on which this case was converted to a case under Chapter 7 were previously added to the debtors's schedules. The petition, schedules and statement of financial affairs currently filed with the court are an accurate depiction of the debtor's current financial situation.

> Date: <u>February 22, 2021</u>          <u>/s/ Steven C. Hathaway</u>
>                                            Steven C. Hathaway
>                                            Attorney for Debtors

ER–114, Dkt 62.

## CONCLUSION

There are no winners in bankruptcy. The Debtors lose their assets along with a lot of hopes and dreams. Creditors lose whatever the Debtor was purchasing from them. There is no way that most items can be repossessed and resold.

The Bankruptcy Code attempts to adjust the rights and obligations between the debtors and creditors. There is not a way to make all of the parties whole. There are just too many claims chasing too few assets.

In this case, the Debtors filed a Chapter 13 bankruptcy case with the hope of

paying some or all of what is owed.  Medical issues caused Mr. Castleman to be unable to continue to work; they converted their case to the provisions of Chapter 13.  When they found out how much their home had appreciated while they were in Chapter 13, they sought to claim the appreciation as part of their exemption.  Unfortunately, the law in the 9th Circuit is very clear that they can only claim an "interest" of up to $124,923.00 in the proceeds of the sale of their home as their exemption.

It is important to remember the creditors, whose interests are being affected even though they are not here.  The Debtors discharged $344,947.59 of their unsecured claims.

The Debtors are asking this Court to reverse two U.S. Supreme Court decisions and at least four decisions of its previous decisions.  The statutory and case law clearly holds that the Debtors are not entitled to anything more than the $124,923.00 of their homestead exemption and that they are not entitled to the appreciation and "after acquired property".

Based upon  *In re Reed*, 940 F.2d 1317 (9th Cir. 1991),  *In re Hyman*, 967 F.2d 1316 (9th Cir. 1992), *In re Gebhart*, 621 F.3d 1206 (9th Cir. 2010), and *Wilson v. Rigby*, 909 F.3d 306 (9th Cir. 2018), and other cases, this Court should affirm the decisions of the Bankruptcy Court and the District Court.  Whether the

-29-

case is argued from the perspective of Section 348 (f)(1)(B) or from the

perspective of Section 541 (a), the ultimate result is the same–the Debtors are not

entitled to anything in excess of the exemptions they originally claimed.

/s/ Peter H. Arkison
Peter H. Arkison
Attorney for Appellee Dennis
Burman, Trustee

103 East Holly Street Suite 502
Bellingham, Washington 98225

360-671-0300
peter@arkison.com

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** _____22-35604_____

I am the attorney or self-represented party.

**This brief contains __8058_____ words,** including _0_____ words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ x ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** _s/Peter H. Arkison  **Date January 3, 2023**_____
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**      *Rev. 12/01/22*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 3, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: January 3, 2023.

<u>s/Peter H. Arkison</u>
Peter H. Arkison
Attorney for Appellee
Dennis Lee Burman, Trustee

103 East Holly Street, Suite 502
Bellingham, WA 98225

peter@arkison.com
360-671-0300 or 360-510-5113