Docket No. 22-35604

IN THE

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

In re: JOHN FELIX CASTLEMAN, SR.,
KIMBERLY KAY CASTLEMAN,
*Debtors*.

JOHN FELIX CASTLEMAN, SR.,
KIMBERLY KAY CASTLEMAN,

Appellants

– v. –

DENNIS LEE BURMAN, Chapter 7 Trustee,

Appellee

On Appeal from a Decision of the United States
District Court for the Western District of Washington
No. 2:21-cv-00829-JHC, Honorable John H. Chun

**BRIEF OF *AMICUS CURIAE* NATIONAL ASSOCIATION OF
BANKRUPTCY TRUSTEES IN SUPPORT OF APPELLEE**

**(SEEKING AFFIRMANCE OF COURTS BELOW)**

Russell D. Garrett
JORDAN RAMIS PC
PACWEST 27th Floor
1211 SW Fifth Avenue
Portland, OR 97204
(503) 598-7070
russell.garrett@jordanramis.com
*Counsel for Amicus Curiae National Association of Bankruptcy Trustees*

40059-12345.RDG 4867-7104-7496.3

## RULE 26.1 CORPORATE DISCLOSURE STATEMENT

The National Association of Bankruptcy Trustees in a nonprofit association. It has no parent corporation, and no publicly held company owns a 10% or more interest in NABT.

This case arises out of a bankruptcy proceeding, Appellee serves as the duly appointed Trustee of the bankruptcy estate of John Castleman and Kimberly Castleman.

There is no creditors' committee.

## RULE 29(a)(2) STATEMENT

Counsel for NABT, through his associated counsel, Steven Weiss, has contacted counsel for both the Debtors and the Trustee. The Appellee consents to the filing of this brief; however, counsel for Appellants does not consent.

40059-12345.RDG 4867-7104-7496.3

# **TABLE OF CONTENTS**

**Page**

CORPORATE DISCLOSURE STATEMENT ..........................................iii

RULE 29(a)(2) STATEMENT ................................................iii

TABLE OF AUTHORITIES ..................................................... v

IDENTITY AND INTEREST OF *AMICUS CURIAE*........................ 1

SUMMARY OF ARGUMENT ................................................. 3

ARGUMENT ...................................................................... 9

I. ...................................................................... 9

II. ...................................................................... 13

III. ...................................................................... 15

CONCLUSION ................................................................ 17

CERTIFICATES OF COMPLIANCE AND SERVICE.......................... 19

40059-12345.RDG 4867-7104-7496.3

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                        **Page(s)**

*In re Cofer,* 625 B.R. 194 (Bankr. D. Idaho 2021)…………..8

*Crane v. Commissioner of Internal Rev.,*………………….…..15, 16
331 U.S. 1 (1947)

*In re Goetz, 2022 Bankr. LEXIS 3188,*
*2022 WL 16857109* (Bankr. W.D. Mo. 2022)………………16

*In re Goins*, 539 B.R. 510 (Bankr. E.D. Va. 2015)……………8

*Klein v. Anderson, (In re Anderson),* 988 F.3d 1210…………6
 (9th Cir. 2021) (per curiam)

*Neilson v. Chang*, 253 F.3d 520 (9th Cir. 2001)………………6

*Rousey v. Jacoway,* 544 U.S. 320 (2005)………………….…11

*United Sav. Ass'n of Tex. V. Timbers of Inwood Forest*
*Assocs.*, 484 U.S. 371 (1988)…………………………………..10

*United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235,
242-243, 109 S.Ct.1026, 1030, 103 L.Ed.2d 290 (1989)…….10

*Schwab v. Reilly,* 560 U.S. 770 (2010)………………………...11, 14

*Schwaber v.Reed (In re Reed),* 940 F.2d 1317 (9th Cir. 1991)………13

*Silver Sage partners, Ltd. v. city of Desert Hot Springs,*
 251 F.3d 814 (9th Cir. 2001)…………………………………..6

*Wilson v. Rigby,* 909 F.3d 306 (9th Cir. 2018)……………....9, 13

**Statutes**

    **Federal**

    **Bankruptcy Code**

    11 U.S.C. § 348(f)…………………………………3, 4, 5, 8, 9, 12, 16

    11 U.S.C. § 506…………………………………………12, 13

    11 U.S.C. § 541…………………………………10, 11, 13 ,14

    **Other Federal Statutes**

    28 U.S.C. § 157(b)(2)(A), (O)……………………………5

    28 U.S.C. § 1334(a)……………………………………5

    28 U.S.C. § 158(a)……………………………………5

**Rules**

Fed.R.App. P. 26.1…………………………………………………1

Fed. R. App. P. 29(c)(5)……………………………………………1

**Other Authorities**

Black's Law Dictionary (11th ed. 2019)……………………………………..5

www.justice.gov/ustbankruptcy-data-statistics-7-trustee-final-reports …………………..2

40059-12345.RDG 4867-7104-7496.3

## DISCLOSURE PURSUANT TO FRAP 26.1

Pursuant to FRAP 26.1, the National Association of Bankruptcy Trustees in a nonprofit association. It has no parent corporation, and no publicly held company owns a 10% or more interest in NABT.

This case arises out of a bankruptcy case; Dennis Lee Burman serves as the duly appointed Chapter 7 Trustee.

## IDENTITY AND INTEREST OF *AMICUS CURIAE*[1]

The National Association of Bankruptcy Trustees is a nonprofit association formed in 1982 to address the needs of chapter 7 bankruptcy trustees throughout the country and to promote the effectiveness of the bankruptcy system as a whole. Since then, the focus of the organization has expanded to include Chapter 11 operating trustees and Subchapter V trustees. NABT continues to promote the effectiveness of the bankruptcy system as a whole. Membership in NABT is open to chapter

---

[1] Pursuant to Fed. R. App. P. 29(c)(5) and Ninth Circuit Rule 29(a)(4), no counsel for any party authored this brief in whole or in part, and no person or entity other than NABT, its members, and its counsel made any monetary contribution toward the preparation or submission of this brief.

1

7 and subchapter V trustees and their staffs, judges, employees of the Office of the U.S. Trustee, and associated professionals and businesses.

NABT files *amicus curiae* briefs throughout the country on matters of national importance to bankruptcy trustees and the efficient administration of bankruptcy cases. Pursuant to Bankruptcy Code § 704(a), a fundamental duty of bankruptcy trustees is to collect the assets of insolvent debtors for distribution to creditors. In the calendar year 2020 alone, chapter 7 trustees distributed over $767,000,000 to secured creditors, over $126,000,000 to priority creditors, e.g., wage and tax claims, and over $719,000,000 to unsecured creditors[2]. This case concerns what happens when debtors initially seek protection under Chapter 13 of the Bankruptcy Code, and later convert their case to a Chapter 7 liquidation. Specifically, the issue is whether the post-petition appreciation of real estate—in this case, the Appellant's residence— belongs to the bankruptcy estate or to the debtors. This Court's decision will bear significantly upon the ability of the NABT's members to recover

---

[2] From information available on the U.S. Department of Justice website, www.justice.gov/ustbankruptcy-data-statistics-7-trustee-final-reports.

40059-12345.RDG 4867-7104-7496.3

the value of non-exempt equity in debtors' assets that may have appreciated while the debtors were in Chapter 13.

This Court's decision in this evolving area of law is likely to have national significance for courts and for NABT's members, especially in the current environment, in which real estate values have skyrocketed.

NABT submits that it has an interest in the issues at the crux of this appeal that warrants consideration of its position as *amicus curiae*. The NABT's amicus committee has authorized the filing of a brief in this case.

## SUMMARY OF ARGUMENT

Section 348[3] of the Bankruptcy Code governs what happens when bankruptcy cases are converted from one chapter of the Bankruptcy Code to another.  In pertinent part, § 348(f)(1) states as follows:  "Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter of this title— (A) property of the estate in the converted case *shall consist of property*

---

[3] Except within formal citations, references to the Bankruptcy Code, 11 U.S.C. § 101 et seq., will be made by section number.

40059-12345.RDG 4867-7104-7496.3

*of the estate, as of the date of the filing of the petition*, that remains in the possession of or is under the control of the debtor on the date of conversion". (Emphasis added).

The Appellants argue that §348(f)1)(A) should be interpreted to hold that the post-petition, pre-conversion appreciation of their residence is not property of the bankruptcy estate, but instead inures to the debtors. Essentially, they seek to characterize the post-petition appreciation as an asset separate from the real estate itself. Both the Bankruptcy Court and the District Court rejected Appellants' arguments, holding instead that the appreciation attributable to property that was part of the bankruptcy estate when the case was initially filed is property of the bankruptcy estate. The bankruptcy court also ruled that to the extent the increase in equity was attributable to mortgage payments made while the case was in Chapter 13, Appellants could file a motion for allowance of an administrative claim with the court.

*Amicus curiae* believes that the lower courts' holdings should be affirmed. Bankruptcy Code § 348(f)(1) unambiguously provides that the Appellants' residence is property of the bankruptcy estate, and Appellants' contention that the post-petition appreciation of a pre-

4

petition asset is not an asset of the bankruptcy estate relies on a strained reading of § 348 that is at odds with the common usage of the term "equity",[4] other provisions of the Bankruptcy Code concerning valuation, and inconsistent with the administration of Chapter 7 cases, generally. Further, Appellant's characterization of appreciation as separate from the underlying asset is contrary to interpretation of the term in other federal law. Indeed, §348 is not a statute about valuation at all; it simply defines what constitutes estate property in a converted case.

## STATEMENT OF THE BASIS FOR

## APPELLATE JURISDICTION

This appeal arises from the Bankruptcy Court's memorandum opinion dated June 4, 2021 (ER-17) and order dated June 11, 2021 (ER-15) that upon conversion of the Debtors' case from Chapter 13 to Chapter 7, the Chapter 7 estate includes the post-petition, pre-conversion equity in the Debtors' home. The bankruptcy court had jurisdiction to issue its

---

[4] Generally, equity is not treated as an asset separate from the property itself. Black's Law Dictionary defines the term "equity" as "the difference between the value of the property and all encumbrances on it. *Equity,* Black's Law Dictionary (11th ed. 2019).

40059-12345.RDG 4867-7104-7496.3

order under 28 U.S.C. § 157(b)(2)(A) and (O), and 28 U.S.C. § 1334(a). The district court had appellate jurisdiction over the order of the bankruptcy court pursuant to 28 U.S.C. § 158(a).

This Court has jurisdiction to hear appeals from final orders entered by the district court on appeal from a bankruptcy court, pursuant to 28 U.S.C. § 158(d).

## ISSUE PRESENTED

Does the increase in the value of a debtor's real or personal property that accrued while the case was in Chapter 13 become property of the Chapter 7 bankruptcy estate upon good faith conversion of the case?

## STANDARD OF REVIEW

A district court's decision on an appeal from a bankruptcy court is reviewed *de novo. Neilson v. Chang*, 253 F.3d 520, 526 (9th Cir. 2001). The bankruptcy court's conclusions of law and statutory interpretations are also reviewed *de novo. Silver Sage Partners, Ltd. v. city of Desert Hot Springs,* 251 F.3d 814, 819 (9th Cir. 2001). Whether property is included in a bankruptcy estate is a question of law subject to *de novo* review.

6

*Klein v. Anderson, (In re Anderson),* 988 F.3d 1210, 1213 (9th Cir. 2021) (per curiam).

*Amicus curiae* believes that the questions before this Court are questions of law, and there is currently no dispute of material facts.

## STATEMENT OF THE CASE

In the case before this Court, John and Kimberly Castleman (the "Debtors" or the "Appellants") filed their Chapter 13 bankruptcy petition in 2019. In their schedules they listed the value of their residence at $500,000, subject to a mortgage loan of $375,077, and they claimed the balance of $124,923.00 as exempt under Washington law. As the maximum exemption under Washington law was then $125,000.00[5], any value above $500,000 would not be exempt. On February 5, 2021 the Debtors converted their case to a Chapter 7 liquidation, and Dennis Lee Burman (the "Trustee" or "Appellee") was appointed as Chapter 7 Trustee. Based on his investigation, he believed that the residence then had a value of (at least) $700,000.00. As the apparent value far exceeds

---

[5] The statute was amended in May 2021, over two years after the petition date.

any available exemption[6], the Trustee filed a motion seeking a determination that property of the Chapter 7 estate includes the current market value of the property, and that he be authorized to retain a broker to market the property.

On June 4, 2021 the bankruptcy court ruled in favor of Appellee. The bankruptcy court acknowledged that there was a split of authority in other jurisdictions over whether post-petition appreciation in pre-petition assets inured to the debtors, *see, e.g., In re Cofer,* 625 B.R. 194 (Bankr. D. Idaho 2021) (increase in net value of an asset owned at the petition belongs to the debtor) and *In re Goins*, 539 B.R. 510 (Bankr. E.D. Va. 2015) (appreciation in pre-petition property after the petition inures to the Chapter 7 estate). The bankruptcy court rejected the Appellants' arguments that the statute was either ambiguous or "demonstrably at odds with the intentions of its drafters", ER at 24. The court therefore held that the holding of *In re Goins* and similar cases was both more consistent with the Bankruptcy Code and prior opinions of this court. The Debtors appealed that decision to the district court.

---

[6]  It is worth noting that there have not been any determinations of what the values actually were on the petition date or when the case was converted.

8

On July 1, 2022 the district court entered an opinion affirming the bankruptcy court's ruling (ER-5). Like the bankruptcy court, the district court ruled that § 348(f)(1)(A) was unambiguous. The district court relied upon this court's opinion in *Wilson v. Rigby,* 909 F.3d 306 (9th Cir. 2018) (referred to herein as "Wilson"), a chapter 7 case in which this court held that post-petition appreciation was property of the bankruptcy estate. The court found that the reasoning of *Wilson* and prior opinions of this court applied equally in conversion cases ER 7, 10.[7]

## ARGUMENT

### I. The Provisions of Bankruptcy Code § 348(f)(1)(A) are Unambiguous

Appellants go to considerable lengths to argue that § 348(f)(1)(A) is ambiguous, and for this court to look at the legislative history underlying the enactment of the provision in 2005. Those arguments were rejected by both courts below, and should likewise be rejected here; interpreting § 348(f)(1)(A) in the manner suggested by Appellants is not only

---

[7] The district court ruled that to the extent Appellants had made mortgage payments which reduced the principal balance, they could file a motion in the bankruptcy court for an administrative claim under Bankruptcy Code § 503(b).

inconsistent with the unambiguous language therein, it is inconsistent with the structure of the Bankruptcy Code.

As noted by the bankruptcy court, courts have long applied the "plain meaning" rule to interpret the Bankruptcy Code. "The plain meaning of legislation should be conclusive, except in the 'rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters'". *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242-243, 109 S.Ct.1026, 1030, 103 L.Ed.2d 290 (1989). Similarly, "[i]t is well established that when the statute's language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms." *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004) (citations and quotation omitted). It is equally axiomatic that where possible the various provisions of a federal statute should be interpreted so as to be in harmony with each other and with other federal statutes. *See, e.g., United Sav. Ass'n of Tex. V. Timbers of Inwood Forest Assocs.*, 484 U.S. 371 (1988). Only if the terms of a particular statute are ambiguous is it appropriate to look to legislative history for guidance.

*/ / /*

An analysis of what constitutes property of a bankruptcy estate starts with Bankruptcy Code § 541(a). It broadly includes all tangible and intangible assets possessed by a debtor as of the petition date, and— as the district court noted—all "proceeds, product rents, or profits of or from property of the estate…", pursuant to § 541(a)(6). *Wilson,* 909 F.3d at 309. The Supreme Court has made it clear that when a debtor claims an exemption in property of the estate, he or she is simply claiming an interest in estate property up to a certain dollar amount, not removing the entire asset from the estate. *Schwab v. Reilly,* 560 U.S. 770, 782 (2010) (Exemptions "define the 'property' a debtor may 'claim as exempt' as the debtor's 'interest'—up to a specified dollar amount—in the assets described in the category, *not* as the assets themselves"). *See also Rousey v. Jacoway,* 544 U.S. 320, 325 (2005).[8]

When Congress wanted to *exclude* assets from being part of a bankruptcy estate, it did so with specificity. Section 541(a)(6) excludes post-petition earnings by an individual (in a chapter 7 case), and

---

[8] For this reason, a recent opinion by the Ninth Circuit Bankruptcy Appellate Panel can be easily distinguished. In *Masingale v. Munding (In re Masingale)*, 644 B.R 530 (9th Cir. B.A.P. 2022), when the debtors filed their chapter 11 petition, they claimed an exemption equal to "100% of FMV", rather than a specific dollar amount, as in the instant case.

11

subsection (b) lists a series of exclusions from inclusion in the estate, e.g., funds used to purchase a "§ 529 plan", so-called, § 541(b)(6). Section 348(f)(1)(A), read in context, not an exclusion statute; instead, is an unambiguous statement that pre-petition property still in a debtor's possession at the time of conversion is *included* in the estate upon conversion.

Appellant's arguments that § 348(f)(1)(A) excludes post-petition appreciation would necessarily require a valuation of pre-petition assets upon conversion. But Section 348(f)(1)(A) says nothing whatsoever about valuation of estate property, and Appellants' contention that it does are undermined by reference to other portions of §348 and to the Bankruptcy Code, generally.

Where Congress has determined that the time of valuation matters, it has said so specifically. For example, §348(f)(1)(B) specifically states that valuations of secured claims during a chapter 13 case (as opposed to valuations of the asset securing the claims) do not apply in a case converted to chapter 7.

More generally, valuation of assets is addressed most specifically by Bankruptcy Code §506; while it addresses valuation of secured claims,

40059-12345.RDG 4867-7104-7496.3

that necessarily involves valuation of the underlying estate property. The provisions of § 506(a)(2) are particularly instructive here:

> (2) If the debtor is an individual in a case under chapter 7 or 13, such value with respect to *personal* property securing an allowed claim shall be determined based upon the replacement value of such property *as of the date of the filing of the petition*…..(emphasis added).

Thus, it is clear that Congress knew how to enact specific provisions about the valuation of assets securing claims in Chapter 13 cases, both during the pendency of those cases and upon conversion. If Congress had intended that valuation of residential real estate constituting estate property be determined as of the petition date rather than the date of conversion, § 506(b) of § 348(f)(1)(B) would have been the logical places for it to make that clear.

## II. Appellant's Arguments are Inconsistent With this Court's Analysis in *Wilson*

In *Wilson, supra,* this court affirmed long-standing precedent in this circuit[9] that under §541(a)(6) post-petition appreciation of a debtor's

---

[9] See, e.g. *Schwaber v.Reed (In re Reed),* 940 F.2d 1317, 1323 (9th Cir. 1991).

home is property of the Chapter 7 bankruptcy estate. Appellants attempt to distinguish *Wilson,* as the debtors in that case had never been in Chapter 13; instead, the case was always in Chapter 7. The attempted distinction does not withstand scrutiny and should not affect the outcome of this case. Again, what the Supreme Court and this Court have repeatedly made clear is that what is being exempted is an *interest* in estate property up to a certain dollar amount, not the entire property. Appellants' proffered interpretation, to separate the post-petition appreciation from the asset itself, would effectively remove entire asset from the estate. That is inconsistent with § 541(a)(6). It is also at odds with the holding of *Schwab v. Reilly, supra*, and neither that case nor any of the opinions of this circuit suggest that there should be any exception for chapter 7 cases that were converted from another chapter. While debtors are entitled to a "fresh start', allowing them to remove the entire property from the estate, not just the value of the exempt interest, "threatens to convert a fresh start into a free pass". *Schwab,* 560 U.S. as 791.[10]

---

[10] As noted by Appellee, the Appellants have received a discharge for over $300,000 of unsecured debt in this case.

40059-12345.RDG 4867-7104-7496.3

It bears noting that debtors' efforts to claim the appreciation in real estate only arise when property values are in fact rising, as has been the case recently. However, as this Court has previously noted, property valuations do not always rise; and if debtors were given to be given the benefits of property appreciation during a case, they would also be burdened with the costs of depreciating values. In *In re Hyman*, 967 F.2d 1316 (9th Cir. 1992), this Court rejected the debtors' efforts to claim an exemption in property that had appreciated. The Court made the following observation:

> "Were we to accept the Hymans' argument that they're entitled to post-filing appreciation, we would also have to hold that a debtor is subject to post-filing *depreciation* which would give debtors in falling property markets less than the $45,000 [exemption] guaranteed by state law. Nothing in the bankruptcy law compels (or even suggests) such a drastic interference with the operation of the state homestead exemption statute.

*In re Hyman,* F.2d at 1321 (Emphasis in original). In other words, were the Appellants' position here adopted, it would put debtors at risk of having otherwise valid exemptions subject to reduction if their property declined in value during the Chapter 13 case. This Court has rejected that proposition before, and absent clear and compelling language in the statute, it should continue to do so here.

## III. Appellant's Characterization of Equity as a Separate Asset is Inconsistent with Other Federal Law

Appellant's efforts to characterize equity in an asset as separable from the underlying asset itself is not only inconsistent with the Bankruptcy Code, it is at odds with long established interpretations of other federal law, specifically the Internal Revenue Code. In *Crane v. Commissioner of Internal Rev.*, 331 U.S. 1 (1947), the Supreme Court was asked to determine whether a taxpayer's gain on property was measured by the value of his total interest in the property, rather than by the taxpayer's equity in the property. The Court stated as follows: "Property" is the physical thing which is a subject of ownership or …..the aggregate of the owner's rights to control or dispose of that thing…..'equity' is defined as 'the value of a property above the total of the liens'". *Crane*, 331 U.S. 6, 7. Thus, a very recent bankruptcy court opinion noted, "just as 'equity' was not a separate item of property under the Internal Revenue Code in *Crane*, here, too, equity is not a separate item of after-acquired property that § 348(f)(1)(A) excludes from the converted estate." *In re Goetz, 2022 Bankr. LEXIS 3188, 2022 WL 16857109* (Bankr. W.D. Mo. 2022), at 8-9. If Appellant's arguments were to be accepted, the term

16

'equity' in the Bankruptcy Code would have a different meaning than in the Internal Revenue Code. Nothing in the legislative history which Appellants would have this Court place great weight does not support such an anomalous result.

## CONCLUSION

Appellants urges this Court to look behind the plain words of the statute to legislative history for support. This Court need not and should not take the bait; the statute itself has no ambiguity. The proffered interpretation of equity as an asset separate from the underlying estate property is contrary to the common usage of the term. Other provisions of the Bankruptcy Code show that when the drafters of the Bankruptcy Code wished to exclude assets or values of assets from bankruptcy estates, they enacted specific provisions doing so. Defining 'equity' as an asset separable from the underlying property would be inconsistent with long established interpretations of both the Bankruptcy Code and the Internal Revenue Code. Indeed, the notion that Congress would exclude such meaningful value for bankruptcy estates absent specific, precise

/ / /

17

language strains credulity. For all these reasons, *Amicus Curiae* respectfully requests that the Order of the district court be AFFIRMED.

Respectfully submitted, this the 9th day of January, 2023.

By: /s/ Russell D. Garrett
    Russell D. Garrett, WSBA #18657
    Jordan Ramis PC
    PACWEST 27th Floor
    1211 SW Fifth Avenue
    Portland, OR 97204
    (503) 598-7070
    russell.garrett@jordanramis.com
    *Counsel for Amicus Curiae*
    *National Association of*
    *Bankruptcy Trustees*

40059-12345.RDG 4867-7104-7496.3

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing Brief complies with the type-volume limitation of Fed. R. App. P. Rule 29(a)(5) because this brief contains 3393 words, excluding the portions thereof exempted by Fed. R. App. P. 32(f); and,

I certify that the foregoing Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook.

## **CERTIFICATE OF SERVICE**

I certify that on January 9, 2023 the foregoing document was served on all parties or their counsel of record through the CM/ECF system:

Steven Hathaway, Esq.
Law Office of Steven C. Hathaway
3811 Consolidation Avenue
P.O. Box 2147
Bellingham, Washington  98227

Peter H. Arkison, Esq.
103 East Holly Street, Suite 502
Bellingham, Washington  98225

By: /s/ Russell D. Garrett
    Russell D. Garrett, WSBA #18657
    russell.garrett@jordanramis.com
    PACWEST 27th Floor
    1211 SW Fifth Avenue
    Portland, OR 97204
    (503) 598-7070 *Counsel for Amicus Curiae National Association of Bankruptcy Trustees*

40059-12345.RDG 4867-7104-7496.3